UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA; | ) Plaintiff, ) ) ) ) v. ) ) | CIVIL ACTION  File No. 1:14-cv-4664  JURY TRIAL DEMANDED |
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; | ) ) Defendants. ) ) ) ) | Judge: Hon. Andrea R. Wood  Magistrate Judge: Hon. Sidney I. Schenkier |

| | | |
|---|---|---|
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; | ) Counter- ) Plaintiffs/ ) Third-Party ) Plaintiffs, ) ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"); SETERUS, INC.; SAFEGUARD PROPERTIES, LLC, | ) ) v. ) ) ) ) Counter- ) Defendants/ ) Third-Party ) Defendants ) | JURY TRIAL DEMANDED |

### OBRADOVICH'S MOTION TO COMPEL AND FOR SANCTIONS

Defendants and Counter-Plaintiffs George and Jennifer Obradovich (collectively "Obradovich"), by the undersigned attorneys, and pursuant Federal Rule 37, respectfully move this Court to Compel Third-Party Defendant Seterus, Inc. ("Seterus") to Respond to Discovery, Produce a Corporate Witness to Appear for a Seven-Hour Deposition, to Strike Seterus' Objections to the Deposition, for Seterus' Counsel to Refrain from Making Speaking and Unnecessary Objections, and for Sanctions as follows:

1

**BACKGROUND**

1.  On February 16, 2015, Obradovich served a Rule 30(b)(6) notice of deposition of a corporative representative of Third-Party Defendant Seterus, Inc. ("Seterus") upon Seterus' counsel. The deposition was set for March 11, 2015. *See* Exhibit A attached hereto is a copy of the February 16, 2015 deposition notice.

2.  The deposition notice included a rider with the topics that would be covered during the examination. *Id*.

3.  As the parties were in the process of completing written discovery and exploring settlement through an agreed settlement conference, the deposition was continued several times by agreement between the parties. The parties ultimately agreed to conduct the deposition on December 10, 2015.

4.  Obradovich served an amended notice of deposition on November 17, 2015 and again on December 4, 2015 with the new date for the deposition and the method of recording the deposition. *See* Exhibit B attached hereto is a copy of the November 17, 2015 deposition notice. *See* Exhibit C attached hereto is a copy of the December 4, 2015 deposition notice.

5.  The topics in the rider in the amended notices did not change. *Id*.

6.  At 12:16 a.m. on December 10, 2015, the morning of the deposition, Seterus' counsel emailed Obradovich's counsel eight pages of objections to the deposition rider. *See* Exhibit D attached hereto is a copy of Seterus' objections to the deposition notice.

7.  Seterus had notice of the topics in the rider for ten months, but did not raise these objections until ten hours before the deposition was set to begin. *Id*.

2

**OPPOSING COUNSEL'S CONDUCT AT THE DECEMBER 10, 2015 DEPOSITION**

8. Obradovich's lead trial counsel, Nick Wooten, resides in Little Rock, Arkansas. Mr. Wooten traveled to Chicago for the purpose of conducting the December 10, 2015 deposition.

9. Counsel for Obradovich (Wooten, Mohammed Badwan, and Mara Baltabols), counsel for Seterus (Coleman Braun, Jeffrey Karek), and counsel for Counter-Defendant Safeguard (Kenneth Perry) appeared for the 10:00 a.m. deposition on December 10, 2015. Additionally, a court reporter and videographer were scheduled by Obradovich and appeared at the deposition.

10. Prior to the commencement of the deposition, Seterus' counsel (Mr. Braun) – without consent or any previous notice – informed Obradovich's counsel (and the others in the room) that the deposition would be limited to four hours and stop at 2:00 p.m. because the deponent needed to catch a flight. *See* Exhibit E attached hereto is a copy of a declaration of Nick Wooten.

11. Mr. Braun declined to withdraw his eleventh hour objections and proceeded to disrupt the deposition with speaking objections, and needlessly interrupted the deposition with boilerplate objections based on form, relevance and vagueness grounds. *See* Exhibit F attached hereto is a copy of a Ms. Lee's Deposition Transcript.

12. Specifically, over the course of approximately 20 minutes, Mr. Braun made 54 objections based on form, relevance, or vagueness. After Mr. Wooten repeatedly requested that Mr. Braun limit his objections, the frequency of Mr. Braun's objections intensified, and he proceeded to object to nearly every question Mr. Wooten asked Ms. Lee. *Id.*

13. As a result, Mr. Wooten suspended the deposition as Mr. Braun's never ending disruptions rendered the deposition futile.

3

14. Counsel's efforts to reach an accord regarding their discovery dispute was either met with continued objections during the deposition or an agreement that the matter should be brought before the court.

15. The parties' issues could also not be addressed in advance of the deposition as Seterus did not serve their written objections until ten hours before the deposition. *See* Ex. F at 7:18 to 7:23.

16. Obradovich's counsel has met his burden to resolve discovery disputes pursuant to Local Rule 37.2 and this discovery motion is appropriately before the Court.

### ARGUMENT

17. A party may request to depose a person by oral deposition by giving reasonable notice, which states the time and place of the deposition, and the method of recording the deposition. Fed. R. Civ. P. 30(b). If the notice of deposition is directed at a corporation, the notice must name the deponent, and describe with reasonable particularity the matters of examination. *Id*. In response, the named corporation must designate a person to testify on its behalf, and that person must testify about information known or reasonably available to the corporation. *Id.*

18. When confronted with the notice of deposition, Seterus was required to comply with the discovery request or seek a protective order. Fed. R. Civ. P. 37(d).

19. "An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice." Fed. R. Civ. P. 32(d)(1).

20. A party objecting to discovery may seek a protective order, but is not obligated to do so, and may provide appropriate written objections and the party seeking discovery would have the option to file a motion to compel. *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 337 (N.D. Ill. 2005). "Either method brings the disputed matter before the court." *Id.*

21. Seterus' counsel had the notice of deposition and the topics in the rider for ten months. Instead of raising any objections or moving for a protective order in a timely manner, Seterus made untimely written objections less than ten hours before the deposition and stood by the improper written objections during the deposition. *See* Exhibit D.

22. Thereafter, Seterus' counsel, Mr. Braun, continued to make frivolous objections to form and relevance of the questions that unnecessarily interrupted the deposition and Obradovich's counsel's line of questioning. *See* Exhibit F.

23. In addition to interrupting the deposition with unnecessary objections, Mr. Braun continued to make improper speaking objections after Mr. Wooten requested that he limit his objections to those based on form. *Id.*

24. Moreover, Seterus attempted to limit the deposition to four hours in violation of the Federal Rules. *See* Exhibit E.

25. Under Rule 30(d)(2), "[i]f a person's conduct 'impedes, delays, or frustrates the fair examination of the deponent,' the Court may impose 'additional appropriate sanction' on that person, 'including the reasonable expenses and attorney's fees incurred by any party.'" *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.,* 271 F.R.D. 487, 499-500 (N.D. Ind. 2010) (internal cites and quotes omitted).

26. "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Woods v. Chicago Transit Authority*, 2006 U.S. Dist. LEXIS 63167, at *6 (N.D. Ill. 2006).

27. Sanctions may be awarded where "an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections....." Committee Notes to 30(b)(3). "The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order." *Id.*

28. As made clear by the record, Seterus' counsel, Mr. Braun, interfered with the witness' testimony and Mr. Wooten's line of questioning by making unnecessary and improper objections based on form and relevance after nearly every question posed by Obradovich's counsel.

29. Here, Mr. Braun actively impeded effective questioning by Mr. Wooten through constant unnecessary interruptions and frivolous objections. *See Royal Maccabees Life Ins. Co. v. Malachinski,* 2001 U.S. Dist. LEXIS 3362, at \*63 (N.D. Ill. 2001) (imposing sanctions for defendant and defense counsel actively impeding questioning by plaintiff's counsel).

30. As a result, Mr. Wooten suspended the deposition to obtain a court order compelling compliance. Fed. R. Civ. 37(b)(2)(C). *See also Royal Maccabees Life Ins. Co.*, 2001 U.S. Dist. LEXIS 3362, at \*37 ("the numerous interruptions by defense counsel went beyond the scope of good faith protection of his client's interest and delayed a fair examination of the deponent."). *See also Great Southern Co. v. Kleinman*, 1991 U.S. Dist. LEXIS 6559, at \*11 (N.D.Ill. 1991) (court ordered sanctions for fees and costs for the attorney's interruptions and frivolous objections).

31. The deposition limitation of one day of seven hours must be modified by the court "if the deponent, another person, or any other circumstances impedes or delays the examination." Fed.

R. Civ. P. 30(d)(1). The commentary to Rule 30(d)(1) lists "[e]xamples of situations in which an extended deposition would be warranted includ[ing]: depositions in which improper objections or other conduct by other attorneys or the witness has impeded the examination." *Alford v. Aaron Rents, Inc.,* 2010 U.S. Dist. LEXIS 67790, at *38 (S.D. Ill. 2010) (cite omitted).

32. As demonstrated by Exhibit F (deposition transcript), Mr. Braun completely impeded Mr. Wooten's efforts to obtain information that is relevant to Obradovich's claims. Such conduct was highly prejudicial and costly to Obradovich and their counsel and should not be tolerated.

33. Obradovich's counsel intends to schedule this motion for the morning of December 17, 2015. Mr. Wooten has booked a flight back to Chicago to address this issue with the Court on that date. To the extent this Court will hear the motion or refer the motion to the Honorable Sidney I. Schenkier, Obradovich would respectfully request an opportunity to be heard on December 17, 2015 based on Mr. Wooten's travel back to Chicago for this motion hearing.

WHEREFORE, Defendants and Counter-Plaintiffs, George and Jennifer Obradovich, respectfully request this Court to:

   a. Compel Seterus to produce a Rules 30(b)(6) witness for a full seven-hour deposition;
   b. Strike Seterus' written objections as untimely and deem them waived;
   c. Direct counsel for Seterus to refrain from obstructive behavior during the deposition;
   d. Impose proper sanctions including payment of costs, fees, for the deposition and the bringing of the motion; and
   e. Any other relief this Court deems just and appropriate.

December 14, 2015

Respectfully submitted on behalf of:

Defendants George & Jennifer Obradovich,

/s/ Mara A. Baltabols
Mara A. Baltabols, Esq. #6299033
Mohammed O. Badwan, Esq. #6299011
Counsel for Obradovich
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150

        Oak Brook, IL 60523
        Phone: (630) 575-8181
        Fax: (630) 575-8188
        pleadings@sulaimanlaw.com


        */s/ Nick Wooten*
        Nick Wooten
        NICK WOOTEN, LLC
        Attorney for Plaintiffs
        17200 Chenal Parkway Suite 300 Box 357
        Little Rock, Arkansas 72223
        (334) 887-3000

Case: 1:14-cv-04664 Document #: 78 Filed: 12/14/15 Page 8 of 8 PageID #:340