# Exhibit

# F

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"),
A CORPORATION ORGANIZED AND
EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

     Plaintiff,

   -vs-                     No. 1:14-CV-4664

GEORGE L. OBRADOVICH; JENNIFER M.
OBRADOVICH, UNKNOWN OTHERS AND
NON-RECORD CLAIMANTS,

     Defendants.


GEORGE L. OBRADOVICH; JENNIFER M.
OBRADOVICH,

     -vs-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"); SETERUS,
INC., SAFEGUARD PROPERTIES, LLC,

_____


VIDEO DISCOVERY DEPOSITION OF

WAN-I J. LEE

December 10, 2015

10:00 AM

    taken before Bonnie C. Bettinger, Certified
Shorthand Reporter, pursuant to the provisions of the
Rules of Federal Rules of civil Procedure of the State
of Illinois pertaining to the taking of depositions for
the purpose of discovery at 105 West Madison Street,
18th Floor, Chicago, Illinois.

```
1              A P P E A R A N C E S:
2         NICK WOOTEN, LLC
          BY:  MR. NICK WOOTEN
3         17200 Chenal Parkway
          Suite 300 - Box 357
4         Little Rock, AR 72223
          (334) 887-3000 phone
5         nick@nickwooten.com
6         Co-Counsel on behalf of Plaintiffs;
7
          SULAIMAN LAW GROUP
8         BY:  MS. MARA A. BALTABOLS
          and MR. MOHAMMED BADWAN
9         900 Jorie Boulevard
          Suite 150
10        Oak Brook,  Illinois  60523
          (630) 575-8181
11        mbaltabols@sulaimanlaw.com
12
             On behalf of the Plaintiffs;
13
14        MAURICE WUTSCHER LLP
          BY:  MR. COLEMAN J. BRAUN
15        and MR. JEFFREY KAREK
          105 West Madison Street
16        18th Floor
          Chicago,  Illinois  60602
17        (865) 387-6892
          cbraun@mauricewutscher.com
18
          On behalf of Defendants Federal National
19        Mortgage Association and Seterus, Inc.;
20
          SMITH AMUNDSEN
21        BY:  MR. KENNETH PERRY
          150 North Michigan Avenue
22        Suite 3300
          Chicago, Illinois  60601
23        (312) 894-3200
          kperry@salawus.com
24
```

1

2                     I N D E X

3  WITNESS                        EXAMINATION

4  WAN-I J. LEE

5

         By Mr. Wooten              04

6

7

8

             E X H I B I T S

9

   NUMBER                    MARKED FOR ID

10

   WAN-I J. LEE Deposition Exhibit

11

12

             NO EXHIBITS WERE MARKED

13

14

15

16

17

18

19

20

21

22

23

24

1          THE VIDEOGRAPHER:  Good morning.  We are on the

2     video record.  My name is Robert Zellner, and I'm a

3     video technician for Depovision, located at 77 West

4     Washington Street, Chicago, Illinois.

5               The date is December 10th, 2015, and the

6     time is 10:11 AM.  We are present here today at 105

7     West Madison Street on the 18th Floor, Chicago,

8     Illinois, with reference to the case entitled Federal

9     National Mortgage Association versus George L.

10    Obradovich, et al., and George L. Obradovich, et al.,

11    counter-plaintiff, versus Federal National Mortgage

12    Association, et al, counter third-party defendants,

13    pending in the United States District Court for the

14    Northern District of Illinois, Eastern Division, civil

15    action No. 114-CV-4664.

16              The witness is Wan-I J. Lee, 36(b) witness

17    for Seterus, Inc.  An audio/visual recording of this

18    deposition is at the request of defendant, and will the

19    attorneys please identify themselves for the record?

20         MR. WOOTEN:  Yes.  Nick Wooten, along with my

21    colleagues, Mara Baltabols and Mohammed Badwan, for the

22    plaintiffs or the Obradovichs.

23         MR. BRAUN:  Coleman Braun and Jeffrey Karek on

24    behalf of Federal National Mortgage and Seterus, Inc.

1      MR. PERRY:  And Ken Perry on behalf of

2  defendant, third-party defendant, excuse me, Safeguard.

3      THE VIDEOGRAPHER:  Thank you.  And will the

4  court reporter please identify herself for the record

5  and swear in the witness?

6      COURT REPORTER:  My name is Bonnie Bettinger

7  from County Court Reporters in Wheaton, Illinois.

8                (Witness sworn.)

9      MR. WOOTEN:  As a matter of housekeeping, before

10  we actually start questioning I've marked as Exhibit A

11  a copy of deposition -- notice of objections to the

12  notice of deposition in this case that were served on

13  us at approximately 12:13 AM this morning by Mr. Karek,

14  and I need to get clear this morning whether or not you

15  intend to rely on any of these objections going forward

16  in the deposition today.

17            First of all, it's untimely.  Second of

18  all, there's not a single issue raised that's pertinent

19  to inquiry of 36(b) deposition, and if you intend to

20  rely on any of these objections to instruct your

21  witness not to answer any questions or not to be

22  interrogated upon by areas of inquiry, I need you to

23  let me know so that we can suspend the deposition and

24  take this up in court.

1          MR. BRAUN:  I'm glad you brought that up,

2    because I was going to as well.  I'm glad it's part of

3    the record now, but those are our objections to the

4    numerous and basically universal notice of deposition

5    inquiries.  We think the notice of deposition inquiries

6    are way overbroad.  They essentially encompass the

7    entire known university of possible subjects and not

8    limited at all to the issues relevant to the case at

9    hand, whether it's the foreclosure complaint, the

10   affirmative defenses raised by the defendants, or their

11   counterclaims, third-party claims raised against

12   Seterus or Fannie Mae.

13              That being said, we're willing to proceed

14   today subject to these objections, and rather than read

15   them all through as outlined in what you've marked as

16   Exhibit 1 --

17          MR. WOOTEN:  It's Exhibit A.  I'm sorry.

18          MR. BRAUN:  Exhibit A.  We would just have those

19   made part of the record, and we can go forward with the

20   deposition subject to those.

21          MR. WOOTEN:  Have you moved for protective order

22   in this case in regards to any areas of inquiry?

23          MR. BRAUN:  We have not.

24          MR. WOOTEN:  Have you given us any notice prior

1  to 12:15 this morning that you had any objections to

2  any areas of inquiry?

3        MR. BRAUN:  I'm not sure, but you have notice of

4  these objections, and we're making objections right

5  now.

6        MR. WOOTEN:  Are you planning on instructing the

7  witness not to answer any questions that we've noticed

8  inquiry about based on these objections?

9        MR. BRAUN:  We will instruct the witness not to

10  answer based upon objections to questions raised as

11  appropriate.

12        MR. WOOTEN:  So as we sit here, before we start

13  questioning it is your intent to use these objections

14  as basis to instruct the witness not to answer?

15        MR. BRAUN:  I can't answer that question.  Like

16  I said, we'll raise objections and instruct the witness

17  not to answer if it's appropriate.

18        MR. WOOTEN:  Well, just so we're all clear, at

19  the point in time that there's an objection or an

20  instruction not to answer a question based on any of

21  these objections we will suspend the deposition and

22  take this matter up with the Court.

23        MR. BRAUN:  That's fine.

24        MR. WOOTEN:  Now, based on that agreement, we

8

1   will go forward and see what we can get to, but if the

2   witness claims she's not going to discuss any areas of

3   inquiry or rely on these objections to not answer,

4   we're going to suspend the deposition and take that up

5   in Court.  Do we have an agreement?

6           MR. BRAUN:  No.  There is no agreement.  We have

7   objections.  You have your opposition.  You can take it

8   up with the Court.  That's your right.  We have our

9   right to interpose our objections.  I have -- there is

10  nothing to agree upon apart that we're going to conduct

11  this deposition pursuant to the federal rules.

12          MR. WOOTEN:  Well, these objections are not

13  pursuant to federal rules.

14          MR. BRAUN:  In what way?

15          MR. WOOTEN:  They're not proper in any way.

16  There are only two objections to a deposition.

17          MR. BRAUN:  Which are?

18          MR. WOOTEN:  One is to the form of the question,

19  and one is to whether the question is compound or not.

20          MR. BRAUN:  We'll interpose any objections we

21  feel are appropriate.  If you think they're not

22  appropriate, that's up to you.  You can take that up

23  with the Court.  We can suspend the deposition, as

24  you've stated, or we can do this with our objections

1 noted on the record, and if you think they're

2 inappropriate, so be it.

3      MR. WOOTEN:  You know, I don't care what your

4 objections are as long as they don't interfere with my

5 deposition.  At the moment in time they interfere with

6 my deposition we're going to break and take it up with

7 the Court.  If we're clear, we can try and move

8 forward.

9      MR. BRAUN:  It's your deposition, Counsel.

10           E X A M I N A T I O N

11 BY MR. WOOTEN:

12      Q.   Ma'am, will you state your full name for

13 the record, please.

14      **A.   It's Wan-I Jenoy Lee.**

15      Q.   And can you spell your first name?

16      **A.   W-a-n, hyphen I, J-e-n-o-y, L-e-e.**

17      Q.   Ma'am, can you tell me about your education

18 or background?  Did you attend college?

19      **A.   I did.**

20      Q.   Did you obtain a degree?

21      **A.   I have.**

22      Q.   Where did you obtain your degree from?

23      **A.   Portland State University.**

24      Q.   Okay.  And that would be in Oregon?

10

1      **A.    Yes.**

2      Q.    And when did you graduate?

3      **A.    2005.**

4      Q.    What was your degree in?

5      **A.    It was a business degree with a major in**

6 **marketing and advertising, and I minored in psychology.**

7      Q.    And that was a four-year degree?

8      **A.    Yes.**

9      Q.    Do you have any postgraduate studies or

10 master's or any further advanced degrees?

11     **A.    No.**

12     Q.    Where did you go to high school?

13     **A.    Aloha High School, also in Oregon.**

14     Q.    And when did you graduate from high school?

15     **A.    2000.**

16     Q.    Where do you currently live?

17     **A.    I live in Tigard, Oregon, T-i-g-a-r-d.**

18     Q.    And how are you presently employed?

19     **A.    I am employed by Seterus, Inc., as a legal**

20 **mediation officer.**

21     Q.    What is the -- what do you understand your

22 job description to be?

23     **A.    I review loans that are ordered for**

24 **mediation, whether it is mandatory by the State or**

11

1    requested by customers.  I review loans that are in

2    default for trials, foreclosure trials, settlement

3    conferences, depositions, and I either attend these

4    jobs either on the phone, telephonically, or in person.

5         Q.    A portion of your job description is giving

6    testimony on behalf of Seterus as a corporate

7    representative?

8         A.    Yes.

9         Q.    How often have you given testimony for

10   Seterus?

11        A.    Quite often.

12        Q.    Do you have any estimation of how many

13   times you've given testimony as a corporate

14   representative for Seterus either in a deposition or in

15   a trial?

16        A.    In a month I travel a minimum typically of

17   around four times, so I would estimate around four

18   times a month.

19        Q.    And that's nationwide?

20        A.    Yes.

21        Q.    And do you have any idea of how many times

22   you've testified in a deposition versus in a trial

23   setting?

24        A.    Over ten.

1    Q.    You've testified at a deposition more than

2  ten times?

3      **A.    Yes.**

4      Q.    Do you keep any records of the cases that

5  you testify in?

6      MR. BRAUN:  Objection.  Relevance.  Vague.

7  Form.  Are you asking her, or are you asking the

8  Seterus?

9      THE WITNESS:  The older cases that I testified

10 in I no longer have record of, but recent ones, this

11 year.

12 BY MR. WOOTEN:

13     Q.    When you say older you don't keep records,

14 how far back do you classify as an older case?

15     **A.    My first deposition was in 2009, and I had**

16 **five cases in one day.**

17     Q.    You gave five depositions in one day?

18     **A.    Yes.  It was the same firm.**

19     Q.    Do you remember what firm that was?

20     MR. BRAUN:  Objection.  Relevance.

21     THE WITNESS:  Ticktin.

22 BY MR. WOOTEN:

23     Q.    Do you know how to spell that?

24     **A.    I believe it is T-i-c-k-t-i-n.**

1     Q.     Is that firm in Florida?

2     **A.     It is.**

3     Q.     Do you keep any type of spreadsheet or

4  records just to identify the cases that you've given

5  testimony in?

6        MR. BRAUN:  Objection to form.  Relevance.  Are

7  you asking her for her records, or are you asking her

8  as a corporate representative?

9        MR. WOOTEN:  Counsel, I'm going to instruct you

10  not to make speaking objections.  If you have a problem

11  with the form of the question, make the objection form

12  of the question.  I'm not going to listen.

13        MR. BRAUN:  I'll continue to make my objections

14  as I feel appropriate.

15        MR. WOOTEN:  If you make another improper

16  objection, I'll suspend the deposition.

17        MR. BRAUN:  If you've got to do it.  It's your

18  deposition, Counsel.

19        MR. WOOTEN:  You're right.  It is.

20        MR. BRAUN:  I'm going to continue to make my

21  objections as I feel appropriate.  If you want to

22  suspend it, then take it up with the judge.

23        MR. WOOTEN:  I'm just telling you one more

24  speaking objection we're stopping.

1       MR. BRAUN:  All right.

2       MR. WOOTEN:  I mean, I'm not from around here.

3   Hear me when I tell you that I'm not playing.

4       MR. BRAUN:  Okay.

5   BY MR. WOOTEN:

6       Q.    Do you keep any records in your employment

7   for your own records that identify the cases that

8   you've given testimony in?

9       MR. BRAUN:  Same objection.

10       THE WITNESS:  Yes.

11   BY MR. WOOTEN:

12       Q.    Do you have access to that document or that

13   information so that you can produce that upon request?

14       MR. BRAUN:  Same objection.  Relevance.

15       THE WITNESS:  Yes.

16   BY MR. WOOTEN:

17       Q.    Do you keep copies of your testimony from

18   other proceedings for your own records?

19       MR. BRAUN:  Objection.  Form.  Relevance.

20       THE WITNESS:  Not every one of them.

21   BY MR. WOOTEN:

22       Q.    Do you have some of the depositions from

23   testimony that you've given transcripts from?

24       MR. BRAUN:  Objection.  Form.  Relevance.

1      THE WITNESS:  I may.

2  BY MR. WOOTEN:

3      Q.    What percentage of your workload consists

4  of providing testimony for your employer?

5      MR. BRAUN:  Objection.  Form.

6      THE WITNESS:  I would estimate around

7  20 percent.

8  BY MR. WOOTEN:

9      Q.    When you make that estimation, are you

10  including the time it takes you to prepare to give

11  testimony as well as the time you spend giving

12  testimony?

13     **A.    Yes.**

14     Q.    Outside of your work giving testimony on

15  behalf of your company what does the other 80 percent

16  of your job entail?

17     **A.    My --**

18     MR. BRAUN:  Objection.  Form.  Relevance.

19     THE WITNESS:  My major duty is to review files

20  for mediations, and it concentrates on customers

21  wanting retention options or liquidation options.

22  BY MR. WOOTEN:

23     Q.    What department do you work within within

24  Seterus?

1       **A.      Foreclosure.**

2       Q.      Do you work with any other departments

3  within Seterus other than foreclosure?

4       **A.      Could you repeat that question?**

5       Q.      Sure.  Have you worked at any other

6  departments at Seterus other than foreclosure?

7       **A.      Yes.**

8       Q.      Tell me about those.

9       MR. BRAUN:  Objection.  Form.

10      THE WITNESS:  Prior to my current position I was

11 a foreclosure litigation analyst.  Prior to that I was

12 a short sale closer.  Prior to that I was the loan

13 modification officer.

14 BY MR. WOOTEN:

15      Q.      Now, I'm assuming the foreclosure

16 litigation analyst was also in the foreclosure

17 department?

18      **A.      Yes.**

19      Q.      What about the short sale closer?

20      MR. BRAUN:  Objection.  Form.

21      THE WITNESS:  Loss mitigation.

22 BY MR. WOOTEN:

23      Q.      And the loan modification officer, was that

24 also in the loss mitigation department?

1        A.      It is.

2        Q.      Did you have any other jobs within Seterus

3    other than those you've named?

4        A.      No.

5        Q.      How long have you worked for Seterus?

6        A.      Since April of 2010.

7        Q.      Who did you work for prior to working for

8    Seterus?

9        A.      Wells Fargo.

10        Q.      And what did you do for Wells Fargo?

11        MR. BRAUN:  Objection.  Relevance.  Form.

12        THE WITNESS:  I was a loan modification officer.

13    BY MR. WOOTEN:

14        Q.      What was your period of employment with

15    Wells Fargo?

16        MR. BRAUN:  Same objection.

17        THE WITNESS:  It was under a year.

18    BY MR. WOOTEN:

19        Q.      So you worked with them at some point

20    during 2009?

21        A.      Yes.

22        Q.      Who did you work for prior to Wells Fargo?

23        MR. BRAUN:  Objection.  Form.  Relevance.

24        THE WITNESS:  Wilshire Credit Corporation.

18

1  BY MR. WOOTEN:

2      Q.    And what did you do for Wilshire Credit?

3      MR. BRAUN:  Objection.  Form.  Vague.

4      THE WITNESS:  I was a foreclosure specialist.

5  BY MR. WOOTEN:

6      Q.    How long did you work for Wilshire Credit?

7      MR. BRAUN:  Objection.  Form.

8      THE WITNESS:  From August of 2005 until March

9  of 2009.

10  BY MR. WOOTEN:

11      Q.    You said March of 2009?

12      **A.    2009.**

13      Q.    Did you have any job at Wilshire other than

14  foreclosure specialist?

15      **A.    I did.**

16      MR. BRAUN:  Objection.  Relevance.

17      THE WITNESS:  I did.

18  BY MR. WOOTEN:

19      Q.    Tell me about that position.

20      **A.    I was a --**

21      MR. BRAUN:  Same objection.  Form.

22      THE WITNESS:  -- disaster relief specialist.

23  BY MR. WOOTEN:

24      Q.    Can you tell me what that job entailed?

1      **A.     It was around the time of Hurricane Katrina**

2  **in Wilma, so a team was specially created to help the**

3  **customers that were affected by the hurricanes.**

4      Q.    Okay.  How long did you work in that job?

5      MR. BRAUN:  Objection.  Form.  Relevance.

6      THE WITNESS:  Approximately one year.

7  BY MR. WOOTEN:

8      Q.    And what did you do after you moved from

9  that job?

10     MR. BRAUN:  Objection.  Relevance.  Form.

11     THE WITNESS:  I got a new position as a

12  foreclosure specialist.

13  BY MR. WOOTEN:

14     Q.    Did you work as a foreclosure specialist

15  until your employment with Wilshire ceased?

16     MR. BRAUN:  Same objection.

17     THE WITNESS:  Yes.

18  BY MR. WOOTEN:

19     Q.    Was your job at Wilshire, was that the

20  first job you got after you graduated from college?

21     MR. BRAUN:  Objection.  Relevance.  Form.

22     THE WITNESS:  No.

23  BY MR. WOOTEN:

24     Q.    You said you graduated from Portland State

1   sometime in 2005, right?

2          A.    Yes.

3          Q.    Who did you work for -- well, first of all,

4   when did you graduate from Portland State?

5          A.    **Approximately June 2005.**

6          Q.    And who did you work for after you

7   graduated?

8          MR. BRAUN:  Objection.  Relevance.  Form.

9          THE WITNESS:  I worked for Target.

10  BY MR. WOOTEN:

11         Q.    And did you go from Target to Wilshire?

12         A.    **Yes.**

13         MR. BRAUN:  Objection.  Relevance.

14         THE WITNESS:  Yes.

15  BY MR. WOOTEN:

16         Q.    Did you work while you were in college?

17         MR. BRAUN:  Objection.  Form.  Relevance.

18         THE WITNESS:  I did.

19  BY MR. WOOTEN:

20         Q.    Who did you work for while you were in

21  college?

22         MR. BRAUN:  Objection.  Form.  Relevance.

23         THE WITNESS:  Wells Fargo.

24

1  BY MR. WOOTEN:

2         Q.    What did you do for them?

3         **A.    I was a --**

4         MR. BRAUN:  Same objection.

5         THE WITNESS:  Credit card collector.

6  BY MR. WOOTEN:

7         Q.    Was that the job you had during the entire

8  time you worked for Portland State?

9         MR. BRAUN:  Same objection.

10        THE WITNESS:  Primarily.

11 BY MR. WOOTEN:

12        Q.    Any other positions you specifically

13 recall?

14        MR. BRAUN:  Same objection.

15        THE WITNESS:  Yes.

16 BY MR. WOOTEN:

17        Q.    Okay.  What's that?

18        MR. BRAUN:  Same objection to form.  Vague.

19        THE WITNESS:  I was a collector.

20 BY MR. WOOTEN:

21        Q.    Was there any time between the time you

22 graduated high school and the time you began college at

23 Portland State?

24        MR. BRAUN:  Objection.  Form.

22

1        THE WITNESS:  No.

2   BY MR. WOOTEN:

3        Q.    Now, without telling me the things you

4   discussed with your attorneys I would like to know what

5   you did independently to prepare to testify today for

6   this deposition.

7        MR. BRAUN:  Objection.  Work product privilege.

8   Attorney-client privilege.  I would ask the client to

9   be -- I would ask the witness to be mindful of the

10  privileges.  Don't disclose anything that you did, any

11  communications you had with either of the Counsel here

12  or any other Counsel for Seterus.

13       MR. WOOTEN:  Just to make the record clear, I'm

14  suspending the deposition at this time pursuant to

15  court order on the motions that we have or will be

16  filing related to interference with the deposition.  We

17  need to declare the deposition adjourned.  We'll

18  reschedule Seterus officer motions.  Thank you.

19       THE VIDEOGRAPHER:  This concludes today's

20  deposition of Wan-I J. Lee, 36(b) witness for Seterus,

21  Inc.  Off the record at 10:31 AM.

22              (Deposition was adjourned sine die.)

23

24

23

1  STATE OF ILLINOIS )

                     ) SS:

2  COUNTY OF DuPAGE   )

3

4          I, Bonnie C. Bettinger, CSR, in and for the

5  County of Cook and State of Illinois, and a Certified

6  Shorthand Reporter of said state, do hereby certify that

7  WAN-I J. LEE was first duly sworn by me to tell the

8  truth; that the above deposition was recorded

9  stenographically and reduced to writing by me; that the

10 deposition is a true, correct, and complete transcript of

11 the entire testimony given by the said witness at the

12 time and place hereinabove set forth, and that signature

13 is hereby reserved by said witness.

14         I further certify that I am not counsel for nor

15 in any way related to any of the parties to this suit,

16 nor am I in any way interested in the outcome thereof.

17         In witness whereof, I have hereunto set my

18 signature on this 14th of December 2015.

19

20

21

           Bonnie C. Bettinger, CSR,

22         CSR License No. 084-003975

23

24

24

1

                    SIGNATURE PAGE/ERRATA SHEET
2              I, WAN-I J. LEE, have read the foregoing
transcript of my deposition taken on 12/10/2015, and
3  except for any corrections noted below, it is a true
and correct transcript of my deposition given on the
4  date aforesaid.
                    CORRECTIONS BASED ON ERRORS
5              IN REPORTING OR TRANSCRIPTION:
PAGE LINE
6
____ ____      _____
7
____ ____      _____
8
____ ____      _____
9
____ ____      _____
10
____ ____      _____
11
____ ____      _____
12
____ ____      _____
13
____ ____      _____
14
____ ____      _____
15
____ ____      _____
16
____ ____      _____
17
____ ____      _____
18
                          _____
19
20                        WAN-I J. LEE
21 STATE OF ILLINOIS )
   COUNTY OF _____  )
22 SUBSCRIBED AND SWORN TO
   Before me this ___ day    _____
23 of_____ A.D. 2015.      Notary Public
24

**A**

A.D 24:23
access
 14:12
action
 4:15
adjourned
 22:17,22
advanced
 10:10
advert...
 10:6
affirm...
 6:10
aforesaid
 24:4
agree 8:10
agreement
 7:24 8:5
 8:6
al 4:10,10
 4:12
Aloha
 10:13
AMERICA
 1:5
AMUNDSEN
 2:20
analyst
 16:11,16
answer
 5:21 7:7
 7:10,14
 7:15,17
 7:20 8:3
apart 8:10
approp...
 7:11,17
 8:21,22
 13:14,21
approx...
 5:13
 19:6
 20:5
April 17:6
AR 2:4

areas 5:22
 6:22 7:2
 8:2
asking
 12:7,7
 13:7,7
Associ...
 1:3,13
 2:19 4:9
 4:12
assuming
 16:15
attend
 9:18
 11:3
Attorn...
 22:8
attorneys
 4:19
 22:4
audio/...
 4:17
August
 18:8
Avenue
 2:21

**B**

B 3:8
back 12:14
backgr...
 9:18
Badwan 2:8
 4:21
Baltabols
 2:8 4:21
based 7:8
 7:10,20
 7:24
 24:4
basically
 6:4
basis 7:14
began
 21:22
behalf 2:6

2:12,18
 4:24 5:1
 11:6
 15:15
believe
 12:24
Bettinger
 1:19 5:6
 23:4,21
Bonnie
 1:19 5:6
 23:4,21
Boulevard
 2:9
Box 2:3
Braun 2:14
 4:23,23
 6:1,18
 6:23 7:3
 7:9,15
 7:23 8:6
 8:14,17
 8:20 9:9
 12:6,20
 13:6,13
 13:17,20
 14:1,4,9
 14:14,19
 14:24
 15:5,18
 16:9,20
 17:11,16
 17:23
 18:3,7
 18:16,21
 19:5,10
 19:16,21
 20:8,13
 20:17,22
 21:4,9
 21:14,18
 21:24
 22:7
break 9:6
Brook 2:10
brought

6:1
business
 10:5

**C**

C 1:19 2:1
 23:4,21
card 21:5
care 9:3
case 4:8
 5:12 6:8
 6:22
 12:14
cases 12:4
 12:9,16
 13:4
 14:7
cbraun...
 2:17
ceased
 19:15
Certified
 1:19
 23:5
certify
 23:6,14
Chenal 2:3
Chicago
 1:24
 2:16,22
 4:4,7
civil 1:21
 4:14
CLAIMANTS
 1:9
claims
 6:11 8:2
classify
 12:14
clear 5:14
 7:18 9:7
 22:13
client
 22:8
closer
 16:12,19

Co-Cou...
 2:6
Coleman
 2:14
 4:23
collea...
 4:21
collector
 21:5,19
college
 9:18
 19:20
 20:16,21
 21:22
commun...
 22:11
company
 15:15
complaint
 6:9
complete
 23:10
compound
 8:19
concen...
 15:20
concludes
 22:19
conduct
 8:10
confer...
 11:3
consists
 15:3
continue
 13:13,20
Cook 23:5
copies
 14:17
copy 5:11
corporate
 11:6,13
 13:8
Corpor...
 1:4
 17:24

correct
 23:10
 24:3
correc...
 24:3,4
counsel
 9:9 13:9
 13:18
 22:11,12
 23:14
counter
 4:12
counte...
 4:11
counte...
 6:11
County 5:7
 23:2,5
 24:21
court 1:1
 4:13 5:4
 5:6,7,24
 7:22 8:5
 8:8,23
 9:7
 22:15
created
 19:2
Credit
 17:24
 18:2,6
 21:5
CSR 23:4
 23:21,22
current
 16:10
currently
 10:16
customers
 11:1
 15:20
 19:3

**D**

D 3:2
date 4:5

24:4
day 12:16
  12:17
  24:22
December
  1:17  4:5
  23:18
declare
  22:17
default
  11:2
defendant
  4:18  5:2
  5:2
defend...
  1:10
  2:18
  4:12
  6:10
defenses
  6:10
degree
  9:20,22
  10:4,5,7
degrees
  10:10
depart...
  15:23
  16:17,24
depart...
  16:2,6
deposi...
  1:15
  3:10
  4:18
  5:11,12
  5:16,19
  5:23  6:4
  6:5,20
  7:21  8:4
  8:11,16
  8:23  9:5
  9:6,9
  11:14,22
  12:1,15
  13:16,18

22:6,14
22:16,17
22:20,22
23:8,10
24:2,3
deposi...
  1:22
  11:3
  12:17
  14:22
Depovi...
  4:3
descri...
  10:22
  11:5
die 22:22
disaster
  18:22
disclose
  22:10
discovery
  1:15,23
discuss
  8:2
discussed
  22:4
District
  1:1,1
  4:13,14
Division
  1:2  4:14
document
  14:12
duly 23:7
DuPAGE
  23:2
duty 15:19

___ E ___
E 2:1,1
  3:2,8
  9:10
Eastern
  1:2  4:14
education
  9:17

either
  11:3,4
  11:14
  22:11
employed
  10:18,19
employer
  15:4
employ...
  14:6
  17:14
  19:15
encompass
  6:6
entail
  15:16
entailed
  18:24
entire 6:7
  21:7
  23:11
entitled
  4:8
ERRORS
  24:4
essent...
  6:6
estimate
  11:17
  15:6
estima...
  11:12
  15:9
et 4:10,10
  4:12
EXAMIN...
  3:3
excuse 5:2
Exhibit
  3:10
  5:10
  6:16,17
  6:18
EXHIBITS
  3:12
EXISTING

1:4

___ F ___
Fannie 1:3
  1:13
  6:12
far 12:14
Fargo 17:9
  17:10,15
  17:22
  20:23
federal
  1:3,13
  1:21
  2:18  4:8
  4:11,24
  8:11,13
feel 8:21
  13:14,21
files
  15:19
filing
  22:16
fine 7:23
firm 12:18
  12:19
  13:1
first 5:17
  9:15
  12:15
  19:20
  20:3
  23:7
five 12:16
  12:17
Floor 1:24
  2:16  4:7
Florida
  13:1
forecl...
  6:9  11:2
  16:1,3,6
  16:11,15
  16:16
  18:4,14
  19:12,14

foregoing
  24:2
form 8:18
  12:7
  13:6,11
  13:11
  14:19,24
  15:5,18
  16:9,20
  17:11,23
  18:3,7
  18:21
  19:5,10
  19:21
  20:8,17
  20:22
  21:18,24
forth
  23:12
forward
  5:15
  6:19  8:1
  9:8
four 11:17
  11:17
four-year
  10:7
full 9:12
further
  10:10
  23:14

___ G ___
George 1:8
  1:11  4:9
  4:10
give 15:10
given 6:24
  11:9,13
  13:4
  14:8,23
  23:11
  24:3
giving
  11:5
  15:11,14

glad 6:1,2
go 6:19
  8:1
  10:12
  20:11
going 5:15
  6:2  8:2
  8:4,10
  9:6  13:9
  13:12,20
Good 4:1
graduate
  10:2,14
  20:4
graduated
  19:20,24
  20:7
  21:22
GROUP 2:7

___ H ___
H 3:8
hand 6:9
Hear 14:3
help 19:2
herein...
  23:12
hereunto
  23:17
high 10:12
  10:13,14
  21:22
housek...
  5:9
Hurricane
  19:1
hurric...
  19:3
hyphen
  9:16

___ I ___
ID 3:9
idea 11:21
identify
  4:19  5:4

13:4
14:7
Illinois
1:1,22
1:24
2:10,16
2:22 4:4
4:8,14
5:7 23:1
23:5
24:21
improper
13:15
inappr...
9:2
including
15:10
indepe...
22:5
inform...
14:13
inquiries
6:5,5
inquiry
5:19,22
6:22 7:2
7:8 8:3
instruct
5:20 7:9
7:14,16
13:9
instru...
7:6
instru...
7:20
intend
5:15,19
intent
7:13
intere...
23:16
interfere
9:4,5
interf...
22:16
interpose

8:9,20
interr...
5:22
issue 5:18
issues 6:8

——— J ———
J 1:16
2:14 3:4
3:10
4:16
22:20
23:7
24:2,20
J-e-n-o-y
9:16
Jeffrey
2:15
4:23
JENNIFER
1:8,11
Jenoy 9:14
job 10:22
11:5
15:16
18:13,24
19:4,9
19:19,20
21:7
jobs 11:4
17:2
Jorie 2:9
judge
13:22
June 20:5

——— K ———
Karek 2:15
4:23
5:13
Katrina
19:1
keep 12:4
12:13
13:3
14:6,17

Ken 5:1
KENNETH
2:21
know 5:23
9:3
12:23
22:4
known 6:7
kperry...
2:23

——— L ———
L 1:8,11
4:9,10
L-e-e 9:16
LAW 2:7
LAWS 1:4
Lee 1:16
3:4,10
4:16
9:14
22:20
23:7
24:2,20
legal
10:19
License
23:22
limited
6:8
LINE 24:5
liquid...
15:21
listen
13:12
litiga...
16:11,16
Little 2:4
live 10:16
10:17
LLC 1:14
2:2
LLP 2:14
loan 16:12
16:23
17:12

loans
10:23
11:1
located
4:3
long 9:4
17:5
18:6
19:4
longer
12:10
loss 16:21
16:24

——— M ———
M 1:8,11
9:10
Ma'am 9:12
9:17
Madison
1:23
2:15 4:7
Mae 1:3,13
6:12
major 10:5
15:19
making 7:4
mandatory
10:24
Mara 2:8
4:21
March 18:8
18:11
marked 3:9
3:12
5:10
6:15
marketing
10:6
master's
10:10
matter 5:9
7:22
MAURICE
2:14
mbalta...

2:11
mean 14:2
mediation
10:20,24
mediat...
15:20
Michigan
2:21
mindful
22:9
minimum
11:16
minored
10:6
mitiga...
16:21,24
modifi...
16:13,23
17:12
Mohammed
2:8 4:21
moment 9:5
month
11:16,18
morning
4:1 5:13
5:14 7:1
Mortgage
1:3,13
2:19 4:9
4:11,24
motions
22:15,18
move 9:7
moved 6:21
19:8

——— N ———
N 2:1 3:2
9:10,10
name 4:2
5:6 9:12
9:15
named 17:3
National
1:3,13

2:18 4:9
4:11,24
nation...
11:19
need 5:14
5:22
22:17
new 19:11
Nick 2:2,2
4:20
nick@n...
2:5
NON-RE...
1:9
North 2:21
Northern
1:1 4:14
Notary
24:23
noted 9:1
24:3
notice
5:11,12
6:4,5,24
7:3
noticed
7:7
NUMBER 3:9
numerous
6:4

——— O ———
O 9:10
Oak 2:10
objection
7:19
12:6,20
13:6,11
13:16,24
14:9,14
14:19,24
15:5,18
16:9,20
17:11,16
17:23
18:3,7

18:16,21
19:5,10
19:16,21
20:8,13
20:17,22
21:4,9
21:14,18
21:24
22:7
object...
5:11,15
5:20 6:3
6:14 7:1
7:4,4,8
7:10,13
7:16,21
8:3,7,9
8:12,16
8:20,24
9:4
13:10,13
13:21
Obrado...
1:8,8,11
1:12
4:10,10
Obrado...
4:22
obtain
9:20,22
officer
10:20
16:13,23
17:12
22:18
Okay 9:24
14:4
19:4
21:17
older 12:9
12:13,14
ones 12:10
opposi...
8:7
options
15:21,21

order 6:21
22:15
ordered
10:23
Oregon
9:24
10:13,17
ORGANIZED
1:4
outcome
23:16
outlined
6:15
Outside
15:14
overbroad
6:6

_____
P

P 2:1,1
PAGE 24:5
PAGE/E...
24:1
Parkway
2:3
part 6:2
6:19
parties
23:15
pending
4:13
percent
15:7,15
percen...
15:3
period
17:14
Perry 2:21
5:1,1
person
11:4
pertai...
1:22
pertinent
5:18
phone 2:4

11:4
place
23:12
Plaintiff
1:6
plaint...
2:6,12
4:22
planning
7:6
playing
14:3
please
4:19 5:4
9:13
point 7:19
17:19
portion
11:5
Portland
9:23
19:24
20:4
21:8,23
position
16:10
18:19
19:11
positions
21:12
possible
6:7
postgr...
10:9
prepare
15:10
22:5
present
4:6
presently
10:18
Primarily
21:10
prior 6:24
16:10,11
16:12

17:7,22
privilege
22:7,8
privil...
22:10
problem
13:10
Procedure
1:21
proceed
6:13
procee...
14:18
produce
14:13
product
22:7
proper
8:15
PROPER...
1:14
protec...
6:21
providing
15:4
provis...
1:20
psycho...
10:6
Public
24:23
purpose
1:23
pursuant
1:20
8:11,13
22:14

_____
Q

question
7:15,20
8:18,19
13:11,12
16:4
questi...
5:10

7:13
questions
5:21 7:7
7:10
Quite
11:11

_____
R

R 2:1
raise 7:16
raised
5:18
6:10,11
7:10
read 6:14
24:2
recall
21:13
record 4:2
4:19 5:4
6:3,19
9:1,13
12:10
22:13,21
recorded
23:8
recording
4:17
records
12:4,13
13:4,7
14:6,7
14:18
reduced
23:9
reference
4:8
regards
6:22
related
22:16
23:15
Relevance
12:6,20
13:6
14:14,19

14:24
15:18
17:11,23
18:16
19:5,10
19:21
20:8,13
20:17,22
relevant
6:8
relief
18:22
rely 5:15
5:20 8:3
remember
12:19
repeat
16:4
reporter
1:20 5:4
5:6 23:6
Reporters
5:7
REPORTING
24:5
repres...
11:7,14
13:8
request
4:18
14:13
requested
11:1
resche...
22:18
reserved
23:13
retention
15:21
review
10:23
11:1
15:19
right 7:4
8:8,9
13:19

| | | | | | |
|---|---|---|---|---|---|
| 14:1 | Shorthand | 13:24 | 15:10 | Tigard | 1:5 4:13 |
| 20:1 | 1:20 | Street | Target | 10:17 | universal |
| Robert 4:2 | 23:6 | 1:23 | 20:9,11 | time 4:6 | 6:4 |
| Rock 2:4 | signature | 2:15 4:4 | team 19:2 | 7:19 9:5 | univer... |
| rules 1:21 | 23:12,18 | 4:7 | techni... | 15:10,11 | 6:7 9:23 |
| 1:21 | 24:1 | studies | 4:3 | 19:1 | UNKNOWN |
| 8:11,13 | sine 22:22 | 10:9 | teleph... | 21:8,21 | 1:8 |
| | single | subject | 11:4 | 21:21,22 | untimely |
| ___ S ___ | 5:18 | 6:14,20 | tell 9:17 | 22:14 | 5:17 |
| S 2:1 3:8 | sit 7:12 | subjects | 14:3 | 23:12 | use 7:13 |
| Safeguard | SMITH 2:20 | 6:7 | 16:8 | times | |
| 1:14 5:2 | sorry 6:17 | SUBSCR... | 18:19,24 | 11:13,17 | ___ V ___ |
| sale 16:12 | speaking | 24:22 | 23:7 | 11:18,21 | Vague 12:6 |
| 16:19 | 13:10,24 | suit 23:15 | telling | 12:2 | 18:3 |
| school | specia... | Suite 2:3 | 13:23 | today 4:6 | 21:18 |
| 10:12,13 | 18:4,14 | 2:9,22 | 22:3 | 5:16 | versus 4:9 |
| 10:14 | 18:22 | SULAIMAN | ten 11:24 | 6:14 | 4:11 |
| 21:22 | 19:12,14 | 2:7 | 12:2 | 22:5 | 11:22 |
| Second | specially | sure 7:3 | testified | today's | video 1:15 |
| 5:17 | 19:2 | 16:5 | 11:22 | 22:19 | 4:2,3 |
| see 8:1 | specif... | suspend | 12:1,9 | transc... | VIDEOG... |
| served | 21:12 | 5:23 | testify | 23:10 | 4:1 5:3 |
| 5:12 | spell 9:15 | 7:21 8:4 | 12:5 | 24:2,3 | 22:19 |
| set 23:12 | 12:23 | 8:23 | testimony | TRANSC... | vs- 1:7,12 |
| 23:17 | spend | 13:16,22 | 11:6,9 | 24:5 | |
| Seterus | 15:11 | suspen... | 11:13 | transc... | ___ W ___ |
| 1:13 | spread... | 22:14 | 13:5 | 14:23 | W-a-n 9:16 |
| 2:19 | 13:3 | swear 5:5 | 14:8,17 | travel | Wan-I 1:16 |
| 4:17,24 | SS 23:1 | sworn 5:8 | 14:23 | 11:16 | 3:4,10 |
| 6:12 | start 5:10 | 23:7 | 15:4,11 | trial | 4:16 |
| 10:19 | 7:12 | 24:22 | 15:12,14 | 11:15,22 | 9:14 |
| 11:6,10 | state 1:21 | | 23:11 | trials | 22:20 |
| 11:14 | 9:12,23 | ___ T ___ | Thank 5:3 | 11:2,2 | 23:7 |
| 12:8 | 10:24 | T 3:8 9:10 | 22:18 | true 23:10 | 24:2,20 |
| 15:24 | 19:24 | T-i-c-... | thereof | 24:3 | want 13:21 |
| 16:3,6 | 20:4 | 12:24 | 23:16 | truth 23:8 | wanting |
| 17:2,5,8 | 21:8,23 | T-i-g-... | things | try 9:7 | 15:21 |
| 22:12,18 | 23:1,5,6 | 10:17 | 22:3 | two 8:16 | Washin... |
| 22:20 | 24:21 | take 5:24 | think 6:5 | type 13:3 | 4:4 |
| setting | stated | 7:22 8:4 | 8:21 9:1 | typically | way 6:6 |
| 11:23 | 8:24 | 8:7,22 | third-... | 11:16 | 8:14,15 |
| settle... | States 1:1 | 9:6 | 4:12 5:2 | | 23:15,16 |
| 11:2 | 1:5 4:13 | 13:22 | 6:11 | ___ U ___ | we'll 7:16 |
| SHEET 24:1 | stenog... | taken 1:19 | Ticktin | unders... | 8:20 |
| short | 23:9 | 24:2 | 12:21 | 10:21 | 22:17 |
| 16:12,19 | stopping | takes | | United 1:1 | we're 6:13 |

| | | | | |
|---|---|---|---|---|
| 7:4,18 | 21:15,19 | 16:5 | 24:2 | **60602** 2:16 |
| 8:4,10 | 22:1,9 | 17:5,19 | **12:13** 5:13 | **630** 2:10 |
| 9:6,7 | 22:20 | 20:9 | **12:15** 7:1 | |
| 13:24 | 23:11,13 | 21:8 | **14th** 23:18 | **7** |
| **we've** 7:7 | 23:17 | **working** | **150** 2:9,21 | **72223** 2:4 |
| **Wells** 17:9 | **Wooten** 2:2 | 17:7 | **17200** 2:3 | **77** 4:3 |
| 17:10,15 | 2:2  3:5 | **workload** | **18th** 1:24 | |
| 17:22 | 4:20,20 | 15:3 | 2:16  4:7 | **8** |
| 20:23 | 5:9  6:17 | **writing** | | **80** 15:15 |
| **West** 1:23 | 6:21,24 | 23:9 | **2** | **865** 2:17 |
| 2:15  4:3 | 7:6,12 | **WUTSCHER** | **20** 15:7 | **887-3000** |
| 4:7 | 7:18,24 | 2:14 | **2000** 10:15 | 2:4 |
| **Wheaton** | 8:12,15 | | **2005** 10:3 | **894-3200** |
| 5:7 | 8:18  9:3 | **X** | 18:8 | 2:23 |
| **whereof** | 9:11 | **X** 3:2,8 | 20:1,5 | |
| 23:17 | 12:12,22 | 9:10 | **2009** 12:15 | **9** |
| **willing** | 13:9,15 | | 17:20 | **900** 2:9 |
| 6:13 | 13:19,23 | **Y** | 18:9,11 | |
| **Wilma** 19:2 | 14:2,5 | **year** 12:11 | 18:12 | |
| **Wilshire** | 14:11,16 | 17:17 | **2010** 17:6 | |
| 17:24 | 14:21 | 19:6 | **2015** 1:17 | |
| 18:2,6 | 15:2,8 | | 4:5 | |
| 18:13 | 15:22 | **Z** | 23:18 | |
| 19:15,19 | 16:14,22 | **Zellner** | 24:23 | |
| 20:11 | 17:13,18 | 4:2 | | |
| **witness** | 18:1,5 | | **3** | |
| 3:3  4:16 | 18:10,18 | **0** | **300** 2:3 | |
| 4:16  5:5 | 18:23 | **04** 3:5 | **312** 2:23 | |
| 5:8,21 | 19:7,13 | **084-00...** | **3300** 2:22 | |
| 7:7,9,14 | 19:18,23 | 23:22 | **334** 2:4 | |
| 7:16  8:2 | 20:10,15 | | **357** 2:3 | |
| 12:9,21 | 20:19 | **1** | **36(b)** 4:16 | |
| 14:10,15 | 21:1,6 | **1** 6:16 | 5:19 | |
| 14:20 | 21:11,16 | **1:14-C...** | 22:20 | |
| 15:1,6 | 21:20 | 1:7 | **387-6892** | |
| 15:19 | 22:2,13 | **10** 1:17 | 2:17 | |
| 16:10,21 | **work** 15:14 | **10:00** 1:18 | | |
| 17:12,17 | 15:23 | **10:11** 4:6 | **4** | |
| 17:24 | 16:2 | **10:31** | | |
| 18:4,8 | 17:7,22 | 22:21 | **5** | |
| 18:17,22 | 18:6 | **105** 1:23 | **575-8181** | |
| 19:6,11 | 19:4,14 | 2:15  4:6 | 2:10 | |
| 19:17,22 | 20:3,6 | **10th** 4:5 | | |
| 20:9,14 | 20:16,20 | **114-CV...** | **6** | |
| 20:18,23 | 22:7 | 4:15 | **60523** 2:10 | |
| 21:5,10 | **worked** | **12/10/...** | **60601** 2:22 | |