UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA; | Plaintiff, v. | CIVIL ACTION<br><br>File No. 1:14-cv-4664<br><br>JURY TRIAL DEMANDED |
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; | Defendants. | Judge: Hon. Andrea R. Wood<br><br>Magistrate Judge:<br>Hon. Sidney I. Schenkier |

| | | |
|---|---|---|
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; | Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"); SETERUS, INC.; SAFEGUARD PROPERTIES, LLC; AND YJM DEVELOPMENT, INC., | v.<br><br>Counter-Defendants/ Third-Party Defendants | JURY TRIAL DEMANDED |

**OBRADOVICH'S MOTION TO COMPEL AGAINST SETERUS, INC.
FOR NONCOMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE 26, 34 AND 37**

Counter-Plaintiffs and Third-Party Plaintiffs George and Jennifer Obradovich (collectively "Obradovich"), move this Court for an order compelling discovery responses and against Third-Party Defendant Seterus, Inc. ("Seterus") for its noncompliance with Federal Rules of Civil Procedure 26, 34, and 37 as follows:

1

## BACKGROUND

1. On July 23, 2014, Obradovich filed counterclaims and a third-party complaint against Counter-Defendants and Third-Party Defendants Fannie Mae, Seterus, and Safeguard Properties LLC. [DKT #14.]

2. On April 12, 2016, Obradovich file an amended pleading (hereinafter "FAC") and added an additional third party YJM Development, Inc. (collectively "Defendants"), alleging (i) trespass, (ii) negligence, (iii) violations of the Illinois Consumer Fraud and Deceptive Practices Act, and (iv) violations of the Fair Debt Collection Practices Act. [DKT #97.]

3. Seterus is the servicer for Obradovich's mortgage loan on the subject property on behalf of Fannie Mae (the creditor). [*Id.* at ¶13.]

4. Safeguard and YJM are vendors for Seterus that provide "property preservation," such as winterization, changing locks, boarding up windows, and trash-outs. Safeguard is the "master vendor" facilitating the preservation work by contracting with local or regional vendors in virtually every state, such as YJM, to actually perform the "on the ground" work.

5. The FAC alleges, generally, that Defendants broke into Obradovich's home while it was under contract for a short-sale in the name of "property preservation," and caused substantial damage to the real property . [*Id.* ¶¶43-47.] Defendants also forcibly changed the locks, restricting Obradovich's access. [*Id.* ¶¶40-41.] Defendants employed self-help to access and gain control of the property without consent or use of judicial process. [*Id.* ¶¶71.] The self-help eviction was ordered by Seterus through Safeguard. Safeguard then ordered YJM to actually carry out the task.[*Id.* ¶¶77, 101.]

6. This discovery dispute involves two categories of information related to instances of similar conduct by Seterus ("pattern and practice" evidence) and Seterus' net worth. The former

being relevant for purposes of Obradovich's ICFA claims (i.e. consumer harm, consumer nexus, and the willful nature of the conduct) and punitive damages, and the latter purely for punitive damages. [DKT #111 ¶12; DKT #106 ¶111.]

7. Discovery requests for this information was sent more than a year ago, and after countless discovery conferences, Seterus still refuses to produce this discovery.

8. Fact discovery is scheduled to close in this case on December 16, 2016. [DKT #116.]

   a. **<u>Written Discovery and Rule 37 Communications</u>**

9. On September 12, 2014, Seterus served their Rule 26(a)(1) disclosures. *See* Exhibit A are Seterus' Rule 26(a)(1) disclosures. Seterus did not produce any information regarding its general liability insurance policies. *Id.*

10. On November 7, 2014, Obradovich served Rule 34 requests to produce upon Seterus. *See* Exhibit B are Obradovich's requests to produce to Seterus.

11. Therein, Obradovich requested Seterus' general liability insurance policies, and information related to Seterus' net worth information i.e. balance sheets, annual revenue statements, tax returns, (hereinafter "punitive damages discovery"). *Id.* at ¶¶28, 35-37.

12. On January 23, 2015, Seterus provided written responses to Obradovichs' first requests to produce, by objecting to production of the punitive damages discovery on "vagueness," "overlybroad" and "unduly burdensome" grounds. *See* Exhibit C are Seterus' written responses.

13. On January 7, 2016, Obradovich issued supplemental requests to produce specifically requesting, "Copies of similar lawsuits, complaints, administrative orders, consent orders, and judgments involving Seterus, including where Seterus was sued or complained of in relation to a short sale, property preservation, or winterization during the last five years," (hereinafter "pattern and practice discovery"). *See* Exhibit D are Obradovich's supplemental requests to produce.

14. Throughout the discovery process, counsel for the parties (Baltabols, Wooten, Karek, and Braun) have had telephone and in-person discussions regarding this discovery. This included months of discussions regarding a potential agreement to produce the requested information, but nothing was actually produced or agreed to.

15. On October 28, 2016, counsel for the parties had a thirty-minute Rule 37 conference whereby counsel for Obradovich sought final confirmation from Seterus as to their position. Seterus' counsel again advised that it would confer with its client. Counsel for Obradovich issued a Rule 37 letter requesting an answer so that the issue could be resolved prior to the close of fact discovery. *See* Exhibit E is a true copy of the October 28, 2016 letter.

16. Counsel for Seterus did not respond to the Rule 37 letter.

17. On November 8, 2016, counsel for Obradovich (Wooten) e-mailed counsel for Seterus and, in an effort to facilitate discovery, narrowed the pattern and practice discovery to two specific pieces of information:

> 1) The total number of pre-foreclosure property inspections that determined a vacancy at a property during the year in question in this case through the present date for the State of Illinois.
>
> 2) The number of orders issued to secure a property preforeclosure in the State of Illinois for the same time period. *Id.*

*See* Exhibit F is a true copy of the November 8, 2014 e-mails and related e-mail chain.

18. On November 17, 2016, counsel for the parties (Wooten, Baltabols, and Karek) conducted an in-person Rule 37 conference regarding the November 8, 2014 e-mail. Counsel for Karek simply advised that it would follow up again with his client.

19. On December 5, 2016, counsel for Seterus responded to the November 8, 2016 e-mail stating that he had conferred with his client and determined that collecting the requested information would prove too burdensome and time-intensive. *Id.*

20. On December 14, 2016, Seterus responded to Obradovich's January 7, 2016 supplemental requests to produce, ten months after their due date, objecting to production of pattern and practice discovery based upon "vagueness," "overly broad," and "overly burdensome" grounds. *See* Exhibit G is the December 14, 2016 response to Obradovich's supplemental requests to produce.

   **b.   Compliance with Local Rule 37.2**

21. The undersigned counsel certifies that she and her co-counsel have made reasonable efforts to resolve the discovery disputes – as described in detail above – but those reasonable efforts have been unsuccessful. After consultations by telephone, over e-mail, and in-person, and good faith attempts to resolve differences without court action, Obradovich's counsel and Seterus' counsel have been unable to reach an accord. *See* Fed. R. Civ. P. 37(a)(2); LR 37.2.

22. This motion is filed as the only remaining solution to the disputes. Given Seterus' excessive delays and avoidance tactics, and its Eleventh Hour representation that it would not produce the pattern and practice discovery, Obradovich has been unable to complete punitive damages and pattern and practice discovery by the December 16, 2016 deadline.

STANDARD

   **a.   Rule 26 and Rule 37**

Rule 26(a)(1) requires, generally, that parties identify discoverable information and make available by category documents in their possession. Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Rule 26(b)(1) permits discovery into any non-privileged matter that is relevant to a party's claim or defense. Relevant discovery includes "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund,*

*Inc. v. Sanders,* 437 U.S. 340, 351 (1978). "The burden rests upon the objecting party to show why a request is improper." *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 612 (N.D.Ill. 2001).

"Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary. In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984).

**ARGUMENT**

The items addressed herein have been specifically requested by Obradovich in discovery and specifically addressed in the parties' discovery conferences and letters. *See* Exhibits B at ¶¶28-37; Exhibits D, E, F. Based upon the undersigned counsel's experience in other "break-in" cases, there is a good faith belief that all of the documents are easily available and accessible by Seterus in their system or record.

Producing the documents would require little effort or expense, yet Seterus has simply stonewalled the discovery process. On the front end, Seterus took two years to confirm that it would not produce the requested information (Seterus in fact never provided a response to the punitive damages discovery apart from boilerplate objections). Seterus continues to rely on boilerplate objections and refuses to produce documents critical to the outcome of this lawsuit. The positions taken by Seterus are unsubstantiated and lack any good faith justification.

I. **General and Boilerplate Objections**

With respect to the "general and boilerplate objections" in Seterus' written responses and objections asserted to Obradovichs' requests for punitive damages and pattern and practice discovery, they are improper. *See* Exhibits C & G. *Hodgdon v. Northwestern Univ*., 245 F.R.D.

337, 340, n. 4 (N.D. Ill. 2007) (boilerplate objections are meaningless and insufficient under Rule 33(b)(1) and (4)). *See also Burkybile v. Mitsubishi Motors Corp.,* 2006 U.S. Dist. LEXIS 57892, at *20-21 (N.D. Ill. 2006) (citing cases).

## II. Failure to Comply with Rule 34(b)(2)(C)

Rule 34 of the Federal Rules of Civil Procedure states that, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. 34(b)(2)(C). Even after repeated requests by Obradovich's counsel, Seterus failed to comply with Rule 34(b)(2)(C) or identify any withheld documents. *See* Exhibits C & G *generally*.

## III. Punitive Damages Discovery

Obradovich's ICFA claim allows for punitive damages. 815 ILCS 505/10a(a)). *Oshana v. Coca-Cola*, 472 F.3d 506, 512 (7th Cir. 2006). There is no question that Obradovich is entitled to punitive damages discovery (net worth, pattern evidence, incidents of similar conduct). *Challenge Aspen v. King World Prods. Corp.*, 2001 U.S. Dist. LEXIS 18357, at *10 (N.D Ill. 2001) ("[T]here can be no doubt that net worth is discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, as it regards... plaintiff's punitive damages."). *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576-78 (1996). *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 462, and n. 28 (1993) (characterizing as "well-settled" the admissibility of "evidence of [defendant's] alleged wrongdoing in other parts of the country.").

Obradovich requested specific information related to net worth and similar conduct. *See* Exhibits B ¶¶ 35-37 & D at ¶2. Seterus withheld the information, relying on frivolous boilerplate objections without any authority to support their positions. *See* Exhibits C ¶¶ 35-37 & G at ¶2.

7

## IV. Pattern and Practice Evidence; Instances of Similar Conduct

In addition to punitive damages, instances of similar conduct are an element of an ICFA unfairness claim. To determine if a practice is unfair under ICFA, a court may consider, "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417-18 (2002). The third prong addresses whether the conduct causes injuries to consumers generally. The court can consider whether the injury is (a) substantial, (b) outweighed by any countervailing benefits to consumers or competition that the practice produces, and (c) one that consumers could not have reasonably avoided. *Siegel v. Shell Oil Co.,* 612 F.3d 932, 935 (7th Cir.2010).

Obradovich's claims (ICFA, trespass, negligence) are founded upon an improper intrusion and entry into Obradovich's home through "self-help" and without consent, judicial process, or court order granting a change in possession. Seterus, as the servicer, was responsible for directing Safeguard to forcibly enter the property without consent or judicial process. The illegal entry ultimately caused tens of thousands of dollars in damage and Obradovichs' short sale was canceled. [DKT # 97 ¶¶54, 61.]

Forcefully intruding upon a consumer's home under the guise of "winterization" through self-help causes substantial injury to consumers and grave harm to the public as a whole. The frequency in which Seterus directs its vendors to break into a consumers' home – through the use of "self-help" outside of the mandated judicial process – change the locks and "winterizecannot reasonably be avoided (especially as the break-ins are unauthorized), and is highly illegal with no countervailing benefits *Siegel*, 612 F.3d at 935. This falls squarely within factors described in *Siegel* for an ICFA unfairness claim. *Id.*

This information is no doubt relevant and easily accessible to Seterus. Over the last year, Obradovich's counsel has faced nothing but delay tactics, "boilerplate objections," and quite frankly, concealment of information, as no statements were made under Rule 34(b)(2)(C). *See* Exhibits C, F, G. To reach a complete resolution, Obradovich's counsel requested answers to *two questions that would require two total numbers*. *See* Exhibit F.

Seterus refused on December 5, 2016 with 11 days before discovery close. Seterus then responded to Obradovich's January 2016 supplemental discovery requests, after 11 months, on December 14, 2016 with two days before discovery close – and for the first time actually raising an (improper) objection on "overly burdensome" grounds. In this District it is well-settled that this is improper.

> '[T]he mere fact that a party will be required to expend a considerable amount of time, effort, or expense in answering [a] discovery request[] is not a sufficient reason to preclude discovery.' Although the cited case was decided before the recent amendments to the Federal Rules of Civil Procedure that explicitly mandated a proportionality analysis considering the benefits and burdens of particular discovery requests, CAI still must actually show that responding to Halvorsen's discovery would be unduly burdensome. To do so, CAI must 'adequately demonstrate the nature and extent of the claimed burden by making a specific showing . . .' 'This showing typically requires affidavits or other evidence supporting a party's assertions of burden.' A party objecting to a discovery request must, at a minimum, specify the nature and extent of that burden.

*Halvorsen v. Credit Adjustments Inc*., 2016 U.S. Dist. LEXIS 48394, *4-*5 (N.D. Ill. Apr. 11, 2016) (internal citations omitted). Under the *Halvorsen* analysis, Seterus made no showing of the nature and extent of the claimed burden, let alone a specific showing, and no affidavits or other certifications were presented. *See* Exhibits C & G.

Seterus did not officially object to the production of this information, until December 2016, with full knowledge that the discovery close date was December 16, 2016. Until then

discussions remained "open." Seterus' inaction and Eleventh hour pivot has unduly prejudiced Obradovich and their ability to present punitive damages and pattern and practice discovery at trial. Where a defendant intentionally thwarts discovery in the manner undertaken by Seterus, the Court should act to prevent manifest injustice by ordering the discovery or providing an appropriate alternative remedy.

WHEREFORE, Counter-Plaintiffs George and Jennifer Obradovich request an order compelling the responses to all discovery herein, assessing any appropriate sanctions, and any other just and equitable relief.

Date: December 16, 2016

Respectfully Submitted,

| /s/ *Mara Baltabols* | */s/ Nick Wooten* |
|---|---|
| Mara Baltabols, #6299033 | Nick Wooten |
| Sulaiman Law Group, Ltd. | Nick Wooten LLC |
| 900 Jorie Blvd, Ste 150 | 4935 Bay Hill Drive |
| Oak Brook, IL 60523 | Conway, AR 72034 |
| Counsel for Obradovich | Counsel for Obradovich |