UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA; | Plaintiff, ) ) ) ) v. ) ) ) | CIVIL ACTION File No. 1:14-cv-4664 JURY TRIAL DEMANDED |
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; | ) ) Defendants. ) ) ) ) | Judge: Hon. Andrea R. Wood Magistrate Judge: Hon. Sidney I. Schenkier |

| | | |
|---|---|---|
| GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; | Counter-Plaintiffs/ Third-Party Plaintiffs, | ) ) ) ) ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"); SETERUS, INC.; SAFEGUARD PROPERTIES, LLC; AND YJM DEVELOPMENT, INC., | v. Counter-Defendants/ Third-Party Defendants. | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |

**DEFENDANTS AND COUNTER-PLAINTIFFS GEORGE AND JENNIFER OBRADOVICH'S RESPONSE IN OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

Defendants and Counter-Plaintiffs George and Jennifer Obradovich (collectively "Obradovich") respond in opposition to the motion for summary judgment filed by Plaintiff and Counter-Defendant Federal National Mortgage Association ("Fannie Mae") as follows:

1

**INTRODUCTION**

Fannie Mae's motion serves to trivialize the gravity of the claims in this lawsuit and ignore the most important facts in need of adjudication. This "foreclosure" case is the result of an illegal, self-help eviction that violates the terms of the underlying mortgage contract and is in contravention of long-standing Illinois law. This led to the desecration of an American family's fundamental privacy rights at the hands of the almighty Fannie Mae and its various vendors. This illegal lockout then led to the termination of a previously approved short-sale contract, causing additional harms to Obradovich as well as the innocent third-party purchasers.

Fannie Mae is now seeking summary judgment for foreclosure in total disregard for its own actions, and seeking a windfall from the same damage and destruction it *chose* to create. The motion itself is insufficient, includes no statement of facts, and makes no reference to the record evidence. It ignores Obradovich's counterclaims and third-party claims against Fannie Mae's own hired vendors and agents. This motion should be denied, and costs and fees should be assessed against Fannie Mae.

**LEGAL STANDARD**

"Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). "[D]isputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Summary judgment is only appropriate where "no reasonable jury could find for the party opposing the motion." *Mills v. First Fed. S & L Ass'n*, 83 F.3d 833, 840 (7th Cir.

1996). "[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether she is ruling on a motion for summary judgment or for a directed verdict." *Id.* Summary judgment against any party is warranted where they do not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

## BACKGROUND

On March 25, 2014, Fannie Mae filed a foreclosure lawsuit against Obradovich in Illinois state court. [Obradovich's LR 56.1 Statement of Undisputed Facts ¶30 (hereinafter "OBRAD SOF")]. On June 20, 2014, Obradovich removed the foreclosure case to this Court based upon diversity jurisdiction. [DKT #1]. On July 23, 2014, Obradovich filed an answer, affirmative defenses, and counterclaims against Fannie Mae. [DKT ##11, 14, 16.] Obradovich's affirmative defenses include: (i) standing; (ii) equitable defenses – laches, unclean hands, waiver, and estoppel; (iii) failure to comply with HAMP, HAFA, or conduct its affairs in good faith; and (iv) failure to mitigate damages. [DKT #11]. Obradovich also joined Seterus, Inc. ("Seterus") and Safeguard Properties, LLC ("Safeguard") as third-party defendants. [DKT ##14, 16.]

On April 12, 2016, Obradovich file an amended pleading and added an additional third party, YJM Development, Inc., as a defendant (hereinafter Fannie Mae, Seterus, Safeguard, and YJM collectively referred to as "Defendants"). [DKT #97]. The FAC includes claims against all Defendants for (i) trespass, (ii) violations of the Illinois Consumer Fraud Act ("ICFA"), and (iii) negligence.[1] [*Id.*]

---

[1] Obradovich has an FDCPA claim against Seterus, Safeguard, and YJM as well.

Fannie Mae is the creditor and owner of Obradovich's mortgage loan. [OBRAD SOF ¶9.] Fannie Mae hired Seterus as its mortgage servicer. [*Id.* ¶¶19, 21.] In turn, Fannie Mae and Seterus then hired Safeguard and YJM as property preservation vendors. [*Id.* ¶21.]

Obradovich's claims are founded on allegations that Defendants forcefully broke into their home, changed the locks, withheld possession, removed personal property therein, and caused substantial damage to the real property. [DKT#97 ¶¶40-47; OBRAD SOF Ex. A, Obrad Dec. ¶¶21-40.] The break-in was forcibly effectuated through "self-help," in violation of the Illinois Mortgage Foreclosure Law, without judicial process, and without prior notice to Obradovich. [OBRAD SOF ¶¶21-23.] The self-help eviction was initiated by Fannie Mae and then carried out through Seterus, Safeguard, and YJM. [*Id.*]

In September 2013, prior to any default or foreclosure, Obradovich applied for a short sale with BANA. [*Id.* ¶¶12-13.] BANA directed Obradovich to miss three monthly payments on the subject mortgage loan to complete the short sale; Obradovich then stopped making payments on the mortgage loan. [*Id.* ¶13.] Obradovich secured a buyer and the property was under contract for a short-sale in October 2013. [*Id.* ¶18.]

Servicing of the loan then transferred to Seterus on November 1, 2013. [*Id.* ¶19.] Seterus also advised Obradovich to keep missing payments to complete the short sale. [*Id.*] With the contract pending, and after inducing Obradovich to miss payments, Fannie Mae and Seterus ordered its property preservation vendors, Safeguard any YJM, to facilitate a "winterization" and lock change. [*Id.* ¶¶21-23.] In late January 2014, Defendants "winterized" the property, changed the locks, and carried out a self-help eviction without judicial process and without prior notice to Obradovich. [*Id.* ¶23.] The illegal eviction caused substantial harms and caused the cancelation of the short-sale contract. [*Id.* ¶¶29, 33-37.] Needless to say, the buyers were no longer willing to

4

purchase the now damaged property without a credit for the necessary repairs. [*Id.* ¶¶29; Ex. B ¶¶18-22.] Fannie Mae refused to fix or repair the damage that it caused or adjust the purchase price, and instead immediately pursued foreclosure. [*Id.* ¶¶34-37; Ex. B ¶23.]

At all times, including at the time of the break-in, Fannie Mae was actively involved in the short-sale process and had knowledge of Obradovich's short-sale contract with the third-party purchaser. [*Id.* ¶¶28, 34 & 37.]

### ARGUMENT

**I. The "Motion" for Summary Judgment Is Grossly Insufficient**

When moving for summary judgment, a party must present the background facts through a LR 56.1 statement. *LaFlamboy v. Landek,* 587 F. Supp. 2d 914, 921(N.D. Ill. 2008). The statement of facts assists the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). *See also Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (the purpose of the LR56.1 statement is to identify for the Court the evidence supporting a party's factual assertions).

"Specifically, litigants must support facts with specific references to the record and evidence admissible at trial. As such, the Court may opt to disregard facts presented in a manner that does not comply with Rule 56.1." *LaFlamboy*, 587 F.Supp.2d at 921. "Strict compliance" with the rules is expected. *Id. See also Maksym v. Loesch,* 937 F.2d 1237, 1240-41 (7th Cir. 1991). Moreover, Fannie Mae's "motion" violates this Court's own standing order requiring compliance with LR 56.1(a). *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

5

Without following the rules, it nearly impossible for Obradovich to respond. There is no statement of undisputed material facts, there are no references to the record, and the "motion" consists of only a memorandum of judgment. [DKT# 125.]

Fannie Mae's failure to comply with Local Rule 56.1 alone should result in denial of the motion. *Koszola v. Board of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (A failure to comply with Local Rule 56.1 may "constitute[] grounds for denial of the motion," and the Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (citing *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002).

Without supplying a factual record, Fannie Mae "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). *See also U. S. v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010) ("…saying so doesn't make it so" on a summary judgment motion, a party must point to "admissible evidence in the record"). Without a statement of undisputed facts or citations to the record, Fannie Mae cannot meet its burden.

## II. Fannie Mae's Affidavits Are Insufficient

Fannie Mae's affidavits are insufficient and amount to inadmissible testimony. Affidavits must be based upon personal knowledge, rely on facts that are admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Here, the affiants were not personally involved with the loan, and their boilerplate "reliance on business records" is without explanation as to the type of records reviewed or how the review is reliable.

6

### i. "Affidavit of Amounts Due and Owing"

The "Affidavit of Amounts Due and Owing" is a "fill-in-the-blank" form with boilerplate "factual assertions" pre-printed on the document. [DKT #215 Ex. 2]. The affiant states that she formed her belief as to the amounts due based on a review of "MSP, Pay History" (handwritten), and that all documents reviewed are attached to the affidavit. [*Id.*].

First, the attached pay history does not support the "amounts" included in the affidavit and simply does not support the "facts" or conclusions in the affidavit. [*Id.*]. Second, the attached pay history appears to be multiple business records cobbled together, and the business records are incomplete. [*Id.*]. Third, and perhaps most importantly, the "pay history" was not produced in discovery and does not include any Bates labels. [*Id.*] Certainly, Fannie Mae cannot ambush Obradovich at summary judgment with "new evidence" that was not produced previously in discovery to try to "prove" its case.

### ii. Loss Mitigation Affidavit

Similarly, the "Loss Mitigation Affidavit," is a "fill-in-the-blank" document with preprinted "factual assertions." [*Id.* at Ex. 3]. The affiant references certain loss mitigation correspondence without identifying or attaching the documents she references, and simply does not explain how she acquired personal knowledge of the "facts" asserted. [*Id.*] Also, the affidavit directly conflicts with the facts of this case. It does not mention the short sale, or the process whereby the short sale was denied. [*Id.*] The short-sale was a "loss mitigation" option intended to eliminate any deficiency from a foreclosure and negate the default, but it was entirely left out of the affidavit. [*Id.*.]

On a summary judgment motion, a court may consider materials in the record, but need only consider cited materials; an affidavit made in support of a motion must be made on personal

7

knowledge, set out facts admissible in evidence, and show that the affiant is competent to testify as to the matters stated. Fed. R. Civ. P. 56(c). None exist here.

Both affidavits are "fill-in-the-blank" affidavits of the boilerplate variety. They do not address any of Obradovich's affirmative defenses or counterclaims. The affidavits are unsupported with admissible and reliable documentation, and are not made on personal knowledge. *McKay v. Town & Country Cadillac, Inc*., 2002 U.S. Dist. LEXIS 10257, at *70, 2002 WL 1285065 (N.D. Ill. May 31, 2002) ("[T]he plaintiff seems to believe that I should review evidence beyond the affidavit itself in order to determine whether the affidavit was 'made on personal knowledge' pursuant to Rule 56(e)…this argument is rejected").

### III. <u>Fannie Mae Ignores the Counterclaims and Can't Establish its Own Performance</u>

Obradovich has raised (a) numerous affirmative defenses and counterclaims against Fannie Mae, (b) contends that the foreclosure is improper, and(c) has denied the default. [DKT##11 ¶3(J); 97.] Obradovich has attached multiple affidavits to this motion that support their defenses and counterclaims. Even if Fannie Mae has proven the essential elements of foreclosure, it is not entitled to summary judgment on Obradovich's affirmative defenses and counterclaims, therefore, foreclosure may not be entered at this time."[2] *Guzinski Builders*, 2015 U.S. Dist. LEXIS 167332, at *1-*2. Prior to even considering Fannie Mae's motion, the case must proceed as to Obradovich's affirmative defenses and counterclaims for trespass, violations of the ICFA, and negligence. *Id.* [DKT ##11, 97.]

---

[2] "The Guzinski Defendants asserted numerous affirmative defenses and counterclaims seeking to prevent foreclosure and contending that the mortgage and underlying line of credit are not in default. PNC has moved for summary judgment. Although there is no dispute that PNC's right of foreclosure was triggered, PNC has not sufficiently supported its motion for summary judgment to defeat all of the Guzinski Defendants' affirmative defenses and counterclaims so that a judgment of foreclosure may be entered at this time. As a result, the case must proceed to address the Guzinski Defendants' defenses and counterclaims of ratification, equitable and promissory estoppel, unclean hands, and violation of the Illinois Consumer Fraud and Deceptive Practices Act ('ICFA'), 815 Ill. Comp. Stat. 505/1 et seq." *Guzinski Builders,* 2015 U.S. Dist. LEXIS 167332, at *1-*2 (N.D.Ill. Dec. 15, 2015).

Fannie Mae is in no position to reduce a complicated lawsuit involving five parties to a simple foreclosure based upon two meaningless boilerplate affidavits. A counterclaim arising out of the same transaction is not a "separate suit," but another theory of relief in an existing suit; all factual and legal theories are in play, whether they are called pleadings, counterclaims, or affirmative defenses. *Tenneco, Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir. Ill. 1985)

Resolution of the counterclaims would impact the adjudication of the alleged default as well as offset any amounts of the alleged deficiency sought. *Guzinski Builders*, 2015 U.S. Dist. LEXIS 167332, at *1-*2. Summary judgment for foreclosure is premature. *Id.*

It should be noted that this Court previously denied Fannie Mae's Rule 12(b)(6) Motion to Dismiss Obradovich's counterclaims for trespass, negligence, and violations of ICFA. [DKT #95]. In short, if Obradovich proves the allegations in the counterclaims, they are entitled to relief. [*Id.*]. Fannie Mae's failure to even address the counterclaims is fatal. *Id*.

Certainly, Fannie Mae cannot claim it is entitled to foreclosure and a deficiency if it is also guilty of trespass, negligence, and Consumer Fraud. *Id.* These torts and violations are in clear breach of the mortgage contract. [DKT #97 Ex. A ¶16]. Therefore, Fannie Mae cannot even establish its own performance under the contract, a required element for breach of contract. *Catania v. Local 4250/5050 of Commonwealth Workers of Am.,* 834 N.E.2d 966, 971-72 (1st Dist. 2005) (a plaintiff must demonstrate its performance under the contract to succeed on a breach of contract claim).

### IV. <u>Fannie Mae Cannot Move for Summary Judgment on the Pleadings</u>

It appears that Fannie Mae's sole argument for summary judgment is, "Because Defendants' Answer is insufficient to rebut the well-pled allegations in the complaint and the Affidavit, this Court must enter judgment in favor of Fannie Mae." [DKT #125 p. 5]

Fannie Mae's case law simply does not help Fannie Mae. For example, *First Nat'l bank Co. v. Insurance Co. of North America*, 606 F.2d 760, 768 (7th Cir. 1979) does not support Fannie Mae's position, and Obradovich has not "stood on their pleadings" as Fannie Mae claims. [DKT# 152 p.3]

The *Works-Hoffman, LLC* and *Wilbern* cases involved a motion to dismiss a foreclosure complaint filed by a defendant, and not a motion for summary judgment. *PNC Bank, N.A. v. Tyre Works-Hoffman, LLC*, 2013 U.S. Dist. LEXIS 28044, at *9, 2013 WL 678145 (N.D.Ill. 2013); *Citibank, N.A. v. Wilbern*, 2013 U.S. Dist. LEXIS 42177, *10 (N.D. Ill. 2013)

Moreover, *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, P43 (2013), addressed summary judgment in state court. However, there was no challenge to the lender's affidavits, no counterclaims, no defenses, and the borrower admitted the default. DKT# 215 at ¶¶3(J)]. Further, *Cogswell v. CitiFinancial Mortg. Co., Inc.*, 624 F.3d 395, 402 (7th Cir. 2010), is factually inapposite because it involved an investor suing the assignor in interest for failing to deliver the original promissory note, which resulted in an inability to foreclose.

## V. Fannie Mae Did Not Refute the Affirmative Defenses

Apart from making a cursory and unsupported argument regarding Obradovich's first affirmative defense for lack of standing, Fannie Mae did not address Obradovich's denial of default or the remaining affirmative defenses. Obradovich raised equitable defenses of laches, unclean hands, waiver, and estoppel, a failure to comply with federal loss mitigation programs, conduct its affairs in good faith, or to mitigate damages. [DKT #11.]

Fannie Mae merely argued that Obradovich's affirmative defenses do not "raise a genuine issue of material fact." [DKT# 215 pp. 2 &5]. "Such a conclusory argument is insufficient to meet [Fannie Mae's] burden on summary judgment." *Guzinski Builders, Inc.*, 2015 U.S. Dist. LEXIS 167332, at \*14 (citing cases) (a foreclosure lawsuit where the court declined to grant summary judgment for foreclosure where the defendants had asserted affirmative defenses and counterclaims for estoppel, unclean hands, and a violation of ICFA).[3]

It is the party seeking summary judgment that bears the initial burden of proving there is no genuine issue of fact. *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.,* 2004 U.S. Dist. LEXIS 4152, at \*3, 2004 WL 526356 (N.D.Ill. 2004) (citing *Celotex Corp.,* 477 U.S. at 323). Only after the moving party has met its burden, must the non-moving party provide evidentiary support beyond the pleadings to refute summary judgment. *Id. See also Carmichael v. Vill. of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (burden of defeating summary judgment did not

---

[3] "Plaintiff PNC Bank, National Association ('PNC'), as successor to National City Bank ('National City'), filed a complaint to foreclose a mortgage against Defendants Guzinski Builders, Inc. ('GBI'), and Thomas and Jane Guzinski (the 'Guzinskis,' and collectively with GBI, the 'Guzinski Defendants'). The Guzinski Defendants asserted numerous affirmative defenses and counterclaims seeking to prevent foreclosure and contending that the mortgage and underlying line of credit are not in default. PNC has moved for summary judgment. Although there is no dispute that PNC's right of foreclosure was triggered, PNC has not sufficiently supported its motion for summary judgment to defeat all of the Guzinski Defendants' affirmative defenses and counterclaims so that a judgment of foreclosure may be entered at this time. As a result, the case must proceed to address the Guzinski Defendants' defenses and counterclaims of ratification, equitable and promissory estoppel, unclean hands, and violation of the Illinois Consumer Fraud and Deceptive Practices Act ('ICFA'), 815 Ill. Comp. Stat. 505/1 et seq." *Guzinski*, 2015 U.S. Dist. LEXIS 167332, at \*1-\*2.

shift to non-movant where movants did not cite the "basic facts and law which, in their view, warranted summary judgment on this claim"). Fannie Mae provides no substantive argument or evidence to defeat the affirmative defenses. Therefore, these arguments are waived. *See Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009).

"[A]n action to foreclose a real estate mortgage is a proceeding in equity and, as such, traditional equitable defenses [such as fraud] may be raised by a mortgagor." *Mfrs. & Traders Trust Co. v. Hughes*, 2003 U.S. Dist. LEXIS 13186, at *12, 2003 WL 21780956 (N.D.Ill. 2003) (cites and quote omitted). Obradovich has raised the equitable defenses of laches, unclean hands, waiver, and estoppel.[4] [DKT#11]. *See Guzinski Builders*, 2015 U.S. Dist. LEXIS 167332, at *16-*17 ("PNC does not address the Guizinski Defendants' allegations related to equitable estoppel….This is not sufficient to grant summary judgment in PNC's favor."). As Fannie Mae has failed to invalidate Obradovich's affirmative defenses that "could put an end to" Fannie Mae's foreclosure, summary judgment on Fannie Mae's foreclosure complaint would be inappropriate at this time. *Id.*

Lastly, Obradovich's affirmative defenses need only contain a short and plain statement of the basis for the defense under Rule 8(a). Fannie Mae never moved to strike the affirmative defenses. The cases cited by Fannie Mae involve circumstances where the non-moving party relied *only* on their pleadings in response to a *well-supported* motion for summary judgment that *complied with the Rules*. *See Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958

---

[4] "To prevail on their fourth affirmative defense of equitable estoppel, the Guzinski Defendants must establish by clear and convincing evidence that (1) PNC misrepresented or concealed material facts, (2) PNC knew at the time it made the representations that they were untrue, (3) the Guzinski Defendants did not know that the representations were untrue at the time they were made and acted upon, (4) PNC intended or reasonably expected the Guzinski Defendants to act upon the representations, (5) the Guzinski Defendants reasonably relied on the representations in good faith to their detriment, and (6) the Guzinski Defendants would be prejudiced by their reliance on the representations if PNC is allowed to deny their truth". *Guzinski Builders, Inc.*, 2015 U.S. Dist. LEXIS 167332, at *15-*16.

(N.D. Ill. 1985), *Tilden Financial Corp. v. Palo Tire Service*, 596 F.2d 604, 607-608 (3d Cir. 1979)); *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989); *Davis v. Elite Mortg. Servs.,* 592 F.Supp.2d 1052, 1058-1059 (N.D. Ill. 2009). Here, Fannie Mae's motion is not well-supported, does not comply with the Rules, and includes no additional argument to refute Obradovich's defenses. Obradovich has presented a counter-affidavit, affidavits of third-parties, and a statement of additional facts with citations to the record to rebut Fannie Mae's motion for summary judgment.

WHEREFORE, Defendants, George and Jennifer Obradovich, respectfully request this Honorable Court deny Federal National Mortgage Association's Motion for Summary Judgment in its entirety, award costs and attorney's fees under 735 ILCS 5/15-1510, and for any other relief this Honorable Court deems just and appropriate.

March 9, 2017

Defendants and Counter-Plaintiffs
George and Jennifer Obradovich by:

*/s/Mara. A. Baltabols*
Attorney for Defendants
Mara A. Baltabols – ARDC #6299033
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523

## **CERTIFICATE OF SERVICE**

  I, Mara A. Baltabols, an attorney, certify that on March 9, 2017 I caused the foregoing **Response in Opposition to the Motion for Summary Judgment filed by Plaintiff Federal National Mortgage Association** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

           */s/ Mara A. Baltabols*
           ----------------------------------------------
           MARA A. BALTABOLS, No. 6299033
           SULAIMAN LAW GROUP, LTD.
           Attorney for Defendants
           900 JORIE BOULEVARD, SUITE 150
           OAK BROOK, ILLINOIS 60523
           (630) 575-8181