UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,** | ) ) ) ) ) ) | **14-cv-4664** |
| **Plaintiff,** | ) ) | **Hon. Andrea Wood** |
| v. | ) ) ) | **Magistrate Honorable Sidney I. Schenkier** |
| **GEORGE L. OBRADOVICH; JENNIFER M. OBRADOVICH; and UNKNOWN ONWERS and NON-RECORD CLAIMANTS,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff Fannie Mae, by and through its attorneys, Johnson, Blumberg & Associates, LLC, and in support of its Motion replies as follows:

There are two fatal flaws of Defendants' response to Fannie Mae's Motion for Summary Judgment: 1) the issues that Defendants want so desperately for this Court to focus on are distinct from and unrelated to Fannie Mae's entitlement to judgment as a matter of law in its foreclosure action, and 2) the evidence shows definitively that Defendants chose to stop paying their mortgage without any inducement by Fannie Mae or its predecessor.

  **I.**  **Fannie Mae Is Entitled to Judgment under the IMFL**

Fannie Mae is entitled to judgment as a matter of law in its favor because Defendants have not raised a genuine issue of material fact that challenges Fannie Mae's right to enforce the Note and foreclose the Mortgage. Defendants failed to respond to Fannie Mae's assertion that the relief it seeks is pursuant to the Illinois Mortgage Foreclosure Law ("IMFL"). Because

1

Fannie Mae is the holder of the Note and Mortgage and has proven that the Note and Mortgage are in default, it is entitled to enforce the Note by foreclosing the Mortgage. Fannie Mae is not seeking a personal deficiency against Defendants, merely a judgment of foreclosure against the Property. Because Defendants have no defense to Fannie Mae's action under the IMFL, this Court must enter judgment in Fannie Mae's favor.

Defendants' counterclaims do not force a different result. Defendants have pending counterclaims that pray for damages against myriad counter-defendants. The award of damages, if this Court finds that Defendants ultimately prove their right to that relief, does not negate Fannie Mae's right to enforce the Note and foreclose the Mortgage. Defendants fail to articulate any basis on which this Court could find that the award of relief under their counterclaims would vitiate Fannie Mae's right to foreclose the Mortgage. Defendants' unsupported, undeveloped assertion that Fannie Mae cannot establish its performance under the Mortgage (Resp. p.9), exemplifies Defendants' misapplication of the elements of a breach of contract cause of action instead of the requirements for foreclosure under the Illinois Mortgage Foreclosure Law.

Defendants do not challenge that Plaintiff is the holder of the Note and Mortgage. Despite asserting an affirmative defense that Plaintiff does not hold the "'blue ink' promissory note" (Aff. Def. 1), Defendants make no colorable assertion that would prohibit this Court from entering judgment against Defendants and they seem to have abandoned this Defense in their Response. Plaintiff asserted in its Complaint that it is the holder of the Note and Mortgage and attached true and correct copies of both to the Complaint as exhibits. Nothing more is required under the IMFL without a colorable charge that Plaintiff does not possess the Note. Additionally, Defendants' correspondence with Seterus as servicer for Plaintiff, documented in

the deposition transcripts (Exs. 3 and 4), undermines any claim that Defendants did not know and acknowledge that Plaintiff is the holder of the Note and Defendants' loan.

Defendants do not challenge that they are in default under the Note and Mortgage. Defendants claim in their Response to this Motion that they were induced into default, but, as addressed below, they were not. Defendants did not assert an affirmative defense to the Complaint alleging inducement and have failed to rebut the well pleaded allegation in the Complaint that the Note and Mortgage are in default which is verified by Plaintiff's affidavit of amounts due and owing, swearing to the default and the amounts that Defendants now owe to Plaintiff as a result of the default. Nothing more is necessary under the IMFL to entitled Plaintiff to judgment as a matter of law. Plaintiff is the holder of the Note and Mortgage which are in default, resulting in a verified sum certain due and owing to Plaintiff.

This Court must separate the issues and enter judgment of foreclosure in favor of Plaintiff. The entry of judgment on the foreclosure action does not minimize or affect the other issues pending before this Court. In fact, the entry of judgment on the foreclosure will streamline the case and reduce the number of outstanding issues to be adjudicated. Because there is no basis on which the Court can find that the substance of the pending counterclaims prevents judgment of foreclosure from being entered in favor of Plaintiff and because Plaintiff has established its entitlement to the entry of judgment as a matter of law, this Court must enter the judgment of foreclosure in favor of Plaintiff.

**II.     Defendants' Default Was Not Induced**

Defendants' default was an intentional and not induced by any third party. Defendants admit myriad times and clearly in their depositions that they decided not to rent the Property after August 2013 for various reasons. (Ex. 3 pp. 28-29; Ex. 4 141-142) It is because of the

decision not to rent the Property after August 2013 that Defendants defaulted on the Note and Mortgage. They explicitly admit that they were dependent on the rental income to pay the Mortgage and knew that deciding not to rent again would result in their inability to pay make their Mortgage payments. (Ex. 3 pp. 29-30, 31) They admit that they did not speak with Bank of America until after they made the decision not to rent and that they were merely hoping for a quick sale of the Property to "protect Bank of America's interests." (Ex. 3 pp. 30-32, 158) There is no evidence that Defendants were instructed not to pay the Mortgage or even that it was even suggested to Defendants that they not make their payments.

Instead, there is compelling evidence that Defendants independently decided not to rent the Property which they knew would result in their inability to make their payments. The dearth of evidence to support Defendants' self-serving assertion is memorialized in Defendants' response in which no citation to any evidence is made in support of their contention that they were induced by either Bank of America or Seterus to stop making payments under the Note and Mortgage. Conversely, Defendant Jennifer Obradovich testified to calling Seterus when servicing rights transferred to Seterus and Seterus advising her of what to do if she wished to make a payment. (Ex. 3 p. 162) Neither Defendant testified to having been advised by either Bank of America or Seterus that they should stop making their Mortgage payments. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (moving party has initial burden to demonstrate why trial is not necessary, which can "be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case" (citation omitted)). It is clear that the default under the Note and Mortgage resulted solely from Defendants' independent decision not to rent the Property and generate rental income to afford the payments.

### III. Plaintiff's Affidavit Is Sufficient and Defendants' Is Not

Defendants' declaration (affidavit) contains mostly irrelevant substance and this Court must decline to consider it because it lacks factual support in exchange for mere conclusions which, at times, directly contradict Defendants' deposition testimony. Defendants' self-serving, unsupported affidavit is insufficient to raise a genuine issue of material fact or to rebut the uncontroverted, corroborated facts averred in Plaintiff's Affidavits.

#### A. Plaintiff's Affidavits Are Sufficient

Plaintiff's Affidavit of Indebtedness is sufficient under Fed. R. Civ. P. 56(c)(4) because it establishes the affiant's personal knowledge of the contents of the Affidavit, identifies the documents on which the affiant relied, attaches true and correct copies of those documents, and itemizes the amounts due and owing, including the interest and late fees. First, the affiant avers that the contents of the Affidavit are based on her personal knowledge and documents how the affiant is familiar with the processes by which the documents on which she relies are created, kept, and maintained. Second, she testifies to the integration of the prior servicer's records into Seterus's records. Third, the affiant establishes her knowledge of and the process by which Seterus memorializes mortgage payments. Finally, she testifies that Plaintiff holds the Note and has possession of the Note, that Defendants are in default under the Note, and itemizes the amounts due and owing to Plaintiff as a result of the default.

Plaintiff's Loss Mitigation Affidavit similarly establishes that the affidavit is made on the affiant's personal knowledge and contains the requisite information regarding Plaintiff's loss mitigation efforts as required by Illinois Supreme Court Rule 114.

Defendants mount no viable challenge to the substance of either affidavit. It is irrelevant that the affidavits contain spaces for hand-writing. The form of the affidavits are irrelevant to

their content and Defendants fail to establish any basis on which this Court could find that the affidavits are insufficient to prove the facts that Plaintiff is the holder of the Note, the Note is in default, and default results in specific amounts due and owing to Plaintiff. This Court must find that the Affidavit of Amounts Due and Owing is sufficient under Fed. R. Civ. P. 56(c)(4).

### B. Defendants' Affidavit is Woefully Insufficient

Defendants' affidavit is insufficient to rebut the well pleaded allegations of the Complaint and the sworn factual statements of the Affidavits. Defendants submit no evidence or even viable argument to rebut the business record memorialization of the amounts due and owing to Plaintiff. Self-serving affidavits statements contained in an affidavit are insufficient to defeat summary judgment when those statements are "without factual support in the record." *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). Defendants' affidavit fails to lay a sufficient foundation for any documents, fails to attach any documents on which Defendants relied, and is inadequate to effectively rebut the uncontroverted facts of Plaintiff's Affidavits, including the failure to make timely payments that resulted in the default. This Court must enter judgment in favor of Plaintiff and against Defendants.

What casts even more suspicion on Defendants' affidavit is its direct contradiction of Defendants' deposition testimony in which they both testified under oath that they were not induced into defaulting under the Mortgage and Note. Defendants clearly testified that they had renters who did damage to the Property. (Ex. 3 pp. 26-27; Ex. 4 pp. 141-142) Defendants decided not to rent again after that tenancy. (Ex. 3 pp. 28-29; Ex. 4 141-142) Defendants were dependent on the rental income to make their payments under the Mortgage and Note. (Ex. 3 pp. 29-30, 31) Defendants testified to deciding not to rent again after August 2013, thereby terminating the income stream on which they relied to make their required payments under the

Note and Mortgage. (Id.) Defendants testified to not contacting Back of America until AFTER they decided not to rent again and to hoping for a quick sale of the Property to pay back the loan. (Ex. 3 pp. 30-32, 158) Defendants testified to contact with Seterus in which Seterus gave them information regarding how to make a payment on the loan without a permanent loan number after the loan was transferred. (Ex. 3 p. 162) Defendant George Obradovich testified to believing that Defendants had to miss payments in order to qualify for a short sale (Ex. 4 p. 22) but does not testify that he got that information from Bank of America or Seterus and, instead, that he obtained his information from his realtor. (Ex. 4 pp. 23-25 85-87, 142-143, 151, 153-154)

Defendants DID NOT testify to any contact either with Bank of America or Seterus in which either advised Defendants to stop making payments. Instead, Defendants testified only to their independent decision not to rent and to risk default if they did not find a buyer. The part of the affidavit that asserts without support that Defendants were advised by Bank of America and Seterus to stop making payments, and to the extent Defendants' defense of this Motion is dependent on this Court's inference that those alleged statements to Defendants induced them to default under the Note and Mortgage, must be excluded by this Court from its consideration of this Motion. It is well-established in this Circuit that self-serving statements in affidavits submitted in support of opposition to motions for summary judgment that are not supported by the factual record cannot defeat a motion for summary judgment. *See Albiero*, 246 F.3d 927, 993; *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004).

The burden of showing no genuine issue of material fact lies with the movant. *See, e.g. Fenje v. Feld*, 301 F.Supp. 2d 781, 787 (N.D. Ill. 2003). "The moving party may discharge this burden by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 788 (*citing Celotex Corp v. Catrett*, 477

U.S. 317, 325 (1986) (internal quotation marks omitted). Once the movant has met its burden, the burden shifts to the nonmovant to "make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial." *Fenje*, 301 F.Supp. 2d at 787 (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S. Ct. 2548 (1986); *Binz v. Brandt Construction Co.,* 301 F.3d 529, 532 (7th Cir. 2002); *Traylor v. Brown,* 295 F.3d 783, 790 (7th Cir. 2002)). "[A] factual dispute is genuine for summary judgment purposes only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Fenje*, 301 F.Supp. 2d at 788 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (internal quotation marks omitted). "The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *PNC Bank v. Mejia*, 2013 U.S. Dist. LEXIS 6386, *4 (N.D. Ill. 2013).

Here, the deposition testimony provides ample evidence that Defendants were not induced into defaulting on their loan. This is important because the only colorable defense to the foreclosure action that Defendants have posited, albeit not as an affirmative defense to the Complaint, is their contest that Plaintiff has proven Defendants' default under the Note and Mortgage. However, that defense is vitiated by Defendants' testimony that they decided not to find new renters and, therefore, chose to stop making the monthly payments with no input from either Bank of America or Seterus. The statements in the affidavit that Defendants were advised to stop making the payments are directly contradicted and wholly undermined by their own testimony. *See Fenje*, at 793 ("The conclusory statements in plaintiff's affidavit are not supported by specific facts and therefore do not support a genuine factual dispute[.]") and at 796 ("Since the statements in the affidavit contradict plaintiff's deposition testimony and no

8

explanation is provided for the changed testimony, these statements in the affidavit will not be credited." (*citing Beckel v. Wal-Mart Associates, Inc.*, 301 F.3d 621, 623 (7th Cir. 2002); *Bahnaman v. Lucent Technologies, Inc.*, 219 F. Supp. 2d 921, 926 (N.D. Ill. 2002)). This Court must decline to consider those self-serving, unsupported, contradicted statements in the affidavit and find that Plaintiff has met its burden to show no genuine issue of material fact on the allegations of the foreclosure Complaint and Defendants have failed to meet their burden to raise a genuine issue of fact on the Complaint.

### IV. The Affirmative Defenses Are Not Bars to Judgment of Foreclosure

Defendants' affirmative defenses are not bars to judgment of foreclosure being entered in favor of Fannie Mae because they fail to allege a single fact in support of their bare-boned conclusions and the evidence in support of this Motion for Summary Judgment defeats each defense. Because Defendants' Response is devoid of any evidence in support of their single sentence affirmative defenses, this Court must grant summary judgment in favor of Fannie Mae.

"An affirmative defense must plead allegations supporting all material elements of the asserted defense." *Weber Shandwick Worldwide v. Reid*, 2005 U.S. Dist. LEXIS 14482 *, 2005 WL 1651030 (N.D. Ill. May 12, 2005) (*citing Man Roland v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999)).

Here, Defendants' reliance on *PNC Bank, N.A. v. Guzinski Builders, Inc.*, 2015 US Dist. LEXIS 167332 (ND Ill. 2015), is misplaced. In *Guzinski*, the Court denied plaintiff's motion for summary judgment because defendants had alleged sufficient facts to convince the Court that there was a genuine issue of material fact on those affirmative defenses. Here, Defendants do not allege a single fact in support of any of their affirmative defenses. Each is merely a conclusion that on its face cannot raise a genuine issue of material fact. This Court must find

9

that Defendants' affirmative defenses are insufficient to raise a genuine issue of material fact to overcome Fannie Mae's entitlement to judgment as a matter of law.

For example, the equitable doctrine of estoppel requires Defendants to prove by clear and convincing evidence that: 1) Fannie Mae misrepresented or concealed a material fact, 2) Fannie Mae knew at the time that it made the misrepresentation that the misrepresentation was untrue, 3) Defendants did not know that the misrepresentation was not true at the time Fannie Mae made it and Defendants acted on it, 4) Fannie Mae intended or reasonably expected that Defendants would act on Fannie Mae's misrepresentation, 5) Defendants did in fact reasonably rely on the misrepresentations in good faith and to their detriment, and 6) Defendants would be prejudice by their reliance if Fannie Mae denies the misrepresentation's veracity. *See Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302 (2001). Defendants have not alleged a single representation that Fannie Mae made to them. And Defendants certainly have not alleged any misrepresentation on which they relied to their detriment. The affirmative defense itself contains no alleged facts whatsoever. If this Court looks beyond the feeble pleading, the only representation which Defendants allege is that Bank of America and then Seterus advised Defendants to stop paying the Mortgage in order to qualify for a short sale but Defendants' sworn testimony in their depositions directly contradicts this assertion and, instead, proves that Defendants defaulted on their Mortgage due only to their decision not to rent the Property after August 2013.

Similarly, Defendants allege no facts in support of their claim of waiver, unclean hands, or laches and, therefore, cannot raise a genuine issue of material fact on any. *See, e.g., Sarkis Café, Inc. v. Sarkis in the Park, LLC*, 55 F.Supp. 3d 1034 (N.D. Ill. 2014) (holding affirmative defenses plead in a single sentence without any factual support were insufficient); *Weber*

10

*Shandwick Worldwide* ("Unclean hands is an equitable defense that must allege the specific elements required to establish the defense. Defendants must plead Weber Shandwick acted in a way that constitutes fraud, misconduct or bad faith. If defendants suggest Weber Shandwick committed fraud, the conclusory allegation that it acted with unclean hands fails to meet the particularity requirements of Fed. R. Civ. P. 9(b). In any event, the bare bones allegation Weber Shandwick acted with unclean hands fails to meet the notice requirement of Fed. R. Civ. P. 8(a). Where an affirmative defense is merely listed without a short statement to explain the basis for the defense, it is properly stricken.") (Internal citations omitted).

Defendants' affirmative defense regarding loss mitigation options is likewise deficient. Defendants do not allege having requested any loss mitigation review. The evidence shows that they were exclusively interested in a short sale of the Property as their sole loss mitigation remedy. And Defendants do not and cannot allege that they would have qualified for any relief under the Home Affordable Mortgage Program because, among other things, HAMP requires that the subject loan have originated on or before January 1, 2009. Defendants' loan originated on May 9, 2009, excluding Defendants from HAMP eligibility. The Loss Mitigation Affidavit proves that Defendants were offered a trial period payment plan under a program for which their loan qualified and Defendants failed to make the initial payment. Because there are no facts or evidence in support of Defendants' affirmative defense and, instead, the evidence supports Fannie Mae's entitlement to judgment in its favor, this Court must grant Fannie Mae summary judgment.

V.  **Statement of Material Facts**

Defendants are correct that a statement of material facts is required by Fed. R. Civ. P. 55.1.  Plaintiff apologizes to the Court and to Defendants for the oversight of not filing the statement with its original Motion.  Plaintiff files the same herewith.

**CONCLUSION**

Wherefore, Plaintiff Federal National Mortgage Association respectfully requests that this Court grant this Motion, enter judgment in favor of Plaintiff and against George and Jennifer Obradovich, and for any further relief that this Court deems just.

Respectfully submitted,

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**

By: /s/ Rebecca M. R. Weininger
         Its counsel

Rebecca M. R. Weininger
Johnson, Blumberg & Associates, LLC
230 West Monroe Street, Suite 1125
Chicago, Illinois  60606
312-541-9710
rweininger@johnsonblumberg.com